Thomson, J.,
delivered the opinion of the court.
The following facts appear from the pleadings: Previous to the month of March, 1884, Joseph Williams was engaged in building the Uncompahgre canal, under a written contract theretofore made between himself and The Uncompahgre Canal Company and others. This contract had been assigned to one Charles S. Abbott, to enable him to do the work in his own name; but Abbott had no interest in the *185 contract, and the work done by him was for Williams. In the month of March, 1884, the owners of the canal having failed in their payments to Williams, he applied to Jerome B. Chaffee, who was surety on his bond for the performance by him of the requirements of the contract, for a loan of sufficient money to enable him to complete the work. An agreement resulted, by which Williams caused an assignment of the contract to be made by Abbott to Chaffee, as security for advances to be made by the latter to Williams; and, between the month of March and the 30th of July, Chaffee from time to time advanced money to Williams, amounting in the aggregate to a considerable sum. The canal having been completed, and the money due for building it being unpaid, proper steps were taken to secure the debt by a mechanic’s lien upon the property, and in January, 1885, an action was commenced in the district court of Montrose county, in the joint names of Williams and Chaffee, for the enforcement of the lien. In March, 1886, Mr. Chaffee died. Letters testamentary were issued to David H. Moffat, as executor of his will, and the action was continued in the name of Moffat as executor. Such proceedings were subsequently had in the cause that in the month of June, 1890, the plaintiffs in the action recovered judgment for $25,697.25, and obtained a decree enforcing their lien for that amount. On July 13, 1891, the judgment being unpaid, the property against which the lien was decreed was duly sold upon execution by the sheriff of Montrose county, and was bid in by Williams, in his own name and that of Moffat, for $26,781.75, the amount of the judgment, interest and costs. Thereupon the sheriff executed and delivered to the purchasers a certificate of purchase of the property as required by law. On February 16, 1892, Mr. Moffat sold the certificate to one Frank C. Goudy for $26,781.75, the exact amount bid at the sheriff’s sale, and executed, individually and as executor, a written assignment of his interest in the certificate, agreeing also to procure from Williams an assignment of his interest, and to save Goudy harmless against any *186 claim of Williams in case the latter should refuse to execute the assignment. This action was brought by Moffat, as executor of the estate of Chaffee, to compel an assignment to Goudy of Williams’ interest in the certificate. The amount received from Goudy was less than the face value of the certificate by the interest which had accrued from the 13th of July to the 16th of February. The debt from Williams to Chaffee was not payable within any fixed or definite time, and there was no agreement between them as to the manner of enforcement of the pledge. The sale to Goudy was private. It does not appear that any demand was ever made upon Williams to redeem, or that any notice was given to him of the time and place of sale.
The amounts alleged .to have been advanced by Chaffee .for the completion of the canal, and by Chaffee and Moffat as his executor, in the prosecution of the suit on the mechanic’s lien, are in dispute, as are several other matters relating to the respective rights of the parties in the fund represented by the certificate. The only witness at the hearing was Mr. Goudy, who was produced by the plaintiff. He testified to some matters without objection, and an offer to prove some other matters by him was rejected. There being no other evidence offered, the court gave judgment dismissing the cause; and this judgment, together with the rejection of Goudy’s testimony, is assigned for error.
The matters to which Goudy testified, and those to which he was not permitted to testify, were equally unimportant. The case is controlled by the facts which appear from the pleadings.
. The assignment of the contract to Chaffee, to secure advances to be made by him to Williams, was a pledge of the contract; and it is to the law governing pledges that we must look for an ascertainment of the rights and liabilities of the parties to the transaction. A pledge is a bailment of personal property by a debtor to his creditor as security for the debt, with power in the latter, if not expressed then implied, upon default by the pledgor, to convert the security *187 into money, applying the proceeds in payment of the debt, and rendering the surplus, if any, to the debtor. If there is a special agreement as to the manner in which the security shall be subjected to the payment of the debt, the parties are bound by it, and the designatedmethod must be pursued; but in the absence of such agreement, a pledge of corporeal property is enforced by a sale; and of a note, or contract for the payment of money, by the collection of the amount due. Where the remedy is by a sale of the thing pledged, the proceeding is regulated by certain established rules, upon the observance of which the validity of the sale depends. If no time is fixed within which the debt shall be paid, or if it is payable upon demand, an opportunity must first be given to the pledgor to redeem, by a demand- made upon him for that purpose; and if he is absent, or cannot be found, or if, for any reason, it is impracticable to make such demand, the sale of the pledge must be authorized by a judicial proceeding. Garlick v. James, 12 Johns. 146.
A sale by the pledgee can only be made at public auction, of the time and place of which reasonable notice must be given to the pledgor. The reason of the right of the latter to this notice is that he is interested in having the property bring the best price obtainable; and by procuring bidders, and seeing that the sale is fairly conducted, he may be enabled to prevent the pledge from being sold at a sacrifice. He is also entitled to this notice because he has the right to redeem the pledge down to the moment when the sale is actually made. Washburn v. Pond, 2 Allen, 474; Wheeler v. Newbould, 16 N. Y. 392; Milliken v. Dehon, 27 N. Y. 373.
This, however, in the absence of agreement, is not the manner of procedure where a chose in action is the subject of the pledge. In such case, if it has been specially agreed that the pledge may be enforced by a sale, the pledgee may proceed in that way, and the sale will be valid; but without such agreement the security must be held and collected by him, and the money realized applied in payment of the debt. Fletcher v. Dickinson, 7 Allen, 23; Joliet, etc., Co. v. Scioto *188 Fire Brick Co., 82 Ill. 548; Whittaker v. Gas Co., 16 W. Va. 717; Wheeler v. Newbould, supra.
In this case Mr. Chaffee commenced the enforcement of his pledge by the institution of proceedings to collect the money due upon the contract. He caused the claim of Williams against the canal owners to be secured by a mechanic’s lien, and brought suit in the joint names of Williams and himself for the foreclosure of the lien. This suit resulted in a decree of foreclosure upon which execution issued ; and, by virtue of the process, the land was sold by the sheriff. It was bid in by Mr. Williams in his own name and that of Mr. Moffat, and a certificate of purchase was executed to them by the sheriff. This is the certificate which was sold to Mr. Goudy. As between Williams and the estate of Mr. Chaffee what was the character of this certificate ? The certificate was the form which, in the process of collection, the original pledge had assumed. It .took the place of the original pledge, and was itself the pledge. It was the statutory contract of the sheriff to execute a deed to the purchasers at the expiration of nine months from the day of sale if in the meantime the land was not redeemed by some one of. the classes of persons having the right of redemption. This certificate, when executed, was the security for the debt of Williams ; and being a chose in action, the contract of pledge could not be enforced against it by a sale. The only course which Mr. Moffat was authorized to pursue in relation to it was to hold it and receive the redemption money if it was paid; or, if it was not paid, to take a deed for the property in the names of the purchasers, and reimburse the estate from its rents and profits, or by a proper judicial proceeding procure its sale and conversion into money. The fact that Williams took the certificate in his own name as well as in that of Moffat, did not alter the relations of the parties, or their respective interests in the security. The estate retained all the rights which accompanied the original pledge, and it was compulsory upon Mr. Williams to permit the certificate to be used in protection of those rights, and to do *189 such affirmative acts as might be necessary to give full effect to the security. But it was the dutyof Mr. Moffat, in default of redemption, to take the land, which would then have been the security, and which, by a proceeding in the nature of a foreclosure, he could have sold for the payment of the debt. Stevens v. Dedham Inst., 129 Mass. 547.
If it might be conceded that a sale of the certificate would have been proper, still every requisite, essential to the validity of the sale of a pledge, was wanting in this case. The time within which the pledge might be redeemed was indefinite, and Mr. Williams was never called upon for its redemption ; no notice was given to him of the time and place of the sale ; and the sale was not public, but private. This sale was therefore void, even if the thing sold had been of such character that the proper remedy against it was by a sale. But as it was not corporeal property, but a thing in action, the remedy was not by a sale, so that even if the omitted things had been done, the sale was void. The sale being void upon any hypothesis, the certificate in the hands of the purchaser remained a pledge as it was before, and every right which Williams originally had continued unaffected. If Mr. Moffat had accounted to Mr. Williams for his full interest in the certificate, measured by its face value, Williams, having received all that he was entitled to, could not question the transaction, and would, moreover, be obliged to execute such transfer as might be necessary to complete the title of the purchaser; but he cannot be compelled to recognize an unauthorized proceeding, the effect of which is to diminish the surplus to which he is entitled after the debt is paid. It follows, therefore, that this action cannot be maintained, and that the judgment must be affirmed.

Affirmed.