**Michael S. DURAN and Daniel G. Trujillo, Plaintiffs-Appellees,**

v.

**Richard D. LAMM, Governor of the State of Colorado, Allen L. Ault, Executive Director of the Department of Corrections of the State of Colorado, and William Wilson, Superintendent of the Maximum Security Unit of the Colorado State Prison, Defendants-Appellants.**

No. 81CA0215.

Colorado Court of Appeals, Div. II.

Dec. 3, 1981.

Rehearing Denied Dec. 24, 1981.

Certiorari Denied April 12, 1982.

and Trujillo, prisoners serving long-term sentences in the maximum security facility at the Colorado State Penitentiary. Plaintiffs sought declaratory and injunctive relief from conditions of confinement at the penitentiary which allegedly violated their constitutional and statutory rights. After numerous motions were prepared, briefed, and argued, and after extensive research, discovery, and negotiations were conducted, the parties entered into, and the court approved, a stipulation and order. Thereafter, there were hearings concerning implementation and violations of the order.

Then, pursuant to 42 U.S.C. § 1988, on application of plaintiffs' counsel and following an evidentiary hearing, judgment was entered in favor of the attorneys for their out-of-pocket expenses and for their fees at their usual rates for their time spent on this case. Judgment was also entered in favor of another attorney for his time spent testifying as an expert at the hearing on attorney's fees. Contending that the court erred in awarding the entirety of the requested fees and costs, that they should have been proportionately reduced to the extent of the suit's success, and that the expert witness fee should not have been awarded, the defendants appeal. We affirm.

42 U.S.C. § 1988 provides in pertinent part:

> "In any action or proceeding to enforce a provision of sections . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."

Defendants do not argue that plaintiffs were not the prevailing parties, nor do they claim that the amount of time spent on plaintiffs' behalf was unreasonable or that an improper formula was applied in calculating the amount of the fees. Here, the trial court considered the multitude of factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and approved in *Battle v. Anderson*, 614 F.2d 251 (10th Cir. 1980), and set the fees accordingly.

Defendants contend, instead, that the court should have proportionately re-

Kelly, Haglund, Garnsey & Kahn, Edwin S. Kahn, Holme, Roberts & Owen, Brent Manning, Denver, for plaintiffs-appellees.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., J. Stephen Phillips, Asst. Atty. Gen., Denver, for defendants-appellants.

VAN CISE, Judge.

This civil rights suit under 42 U.S.C. § 1983 was instituted by plaintiffs, Duran

68

duced the award for that part of the time spent on matters on which plaintiffs did not prevail. We agree that it would not be an abuse of discretion to reduce an award proportionately for time spent unsuccessfully on substantial separate issues, *see Gurule v. Wilson*, 635 F.2d 782 (10th Cir. 1980); *Nadeau v. Helgemoe*, 581 F.2d 275, 279 (1st Cir. 1978); *Walker v. Robbins Hose Co. No. 1, Inc.*, 622 F.2d 692 (3d Cir. 1980); *Dillon v. AFBIC Development Corp.*, 597 F.2d 556 (5th Cir. 1979), but we see no such issues here. As found by the trial court, "There has been no testimony that what the lawyers did here was not reasonably necessary to the ultimate result of the case."

We approve the statement in *Gurule v. Wilson, supra* :

"Fees set under § 1988 must be in line with those fees traditionally received from a fee paying client. . . . Courts rejecting the proportionate recovery rule have pointed out that fee paying clients do not traditionally receive a discount for issues upon which the attorney did not prevail. See, e.g., *Northcross v. Board of Education*, 611 F.2d 624, 635–36 (6th Cir. 1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980). A technical dissection of the course of litigation and a mechanical proportionate reduction of the total fee is not in keeping with either the express intent of Congress or the broad remedial purposes of the Civil Rights Acts. Where the 'issue was all part and parcel of one matter counsel should not be penalized for every lost motion.' *Lamphere v. Brown University*, 610 F.2d 46, 47 (1st Cir. 1979). Of course, attorneys fees should not be awarded for issues that are frivolous or asserted in bad faith. See, e.g., *Northcross*, 611 F.2d at 636. . . ."

*Accord generally, Copeland v. Marshall*, 641 F.2d 880 (D.C.Cir.1980); *Brown v. Bathke*, 588 F.2d 634 (8th Cir. 1978); *Crain v. City of Mountain Home*, 611 F.2d 726 (8th Cir. 1979); *Gluck v. American Protection Industries*, 619 F.2d 30 (9th Cir. 1980); *Dennis v. Chang*, 611 F.2d 1302 (9th Cir. 1980).

Plaintiffs are entitled to the full fees awarded by the court.

■ Defendants' contention that the court erred in granting copying costs was not raised in the motion for new trial and will not be considered on appeal. C.R.C.P. 59(f).

■ Defendants' final contention is that the court erred in awarding the fee for plaintiffs' expert witness. We disagree.

As found by the court:

"Plaintiffs' expert, an experienced litigator, reviewed the file, reviewed the strategies employed by plaintiffs' counsel in the prosecution of the lawsuit, reviewed the result and in light of the twelve factors set out in *Johnson v. Georgia Highway Commission*, gave his opinion that the time expended, the hourly rates and the fees sought in this case were reasonable."

The court found this testimony necessary and helpful. In civil rights litigation, the prevailing parties are entitled to recover what it costs to vindicate their rights in court. *See Jones v. Diamond*, 636 F.2d 1364 (5th Cir. 1981). Thus, like any expert witness, he should be paid as part of the costs awarded to the prevailing party.

Judgment affirmed.

STERNBERG and TURSI, JJ., concur.