**Sheila Rae HELLER, Plaintiff-Appellee and Cross-Appellant,**

v.

**The FIRST NATIONAL BANK OF DENVER, N.A., individually and as Trustee under Agreement with Reta Bee Heller, Defendant-Appellant and Cross-Appellee.**

**No. 80CA0001.**

Colorado Court of Appeals, Div. II.

Nov. 26, 1982.

Arnold Alperstein, Donald Alperstein, Denver, for plaintiff-appellee and cross-appellant.

Harry A. King, Jack D. Henderson, Denver, for defendant-appellant and cross-appellee.

TURSI, Judge.

This is an appeal and cross-appeal from a judgment of the probate court concerning the alleged improper management of a trust. The trustee, the First National Bank of Denver, (Bank) seeks reversal of an adverse money judgment, entered in part upon a summary judgment. The beneficiary, Sheila Rae Heller, (Heller) seeks reversal because of inadequacy of the damages awarded, and remand for the award of reasonable attorney's fees incurred in connection with this appeal. We affirm and remand with instructions.

The trust in question was created in 1968 by Heller's mother. Heller and her mother served as co-trustees until the mother's death in June of 1970, when, pursuant to the trust instrument, the Bank became successor trustee. The trust was not fully funded until after the final administration of the mother's estate, which occurred in early 1972. Heller was the personal representative of her mother's estate.

The trust agreement provided that, upon the death of the mother, the trust was to be divided into two sub-trusts, one of which permitted distribution of principal and income to Heller and the other of which permitted distribution of income only.

Applicable to both sub-trusts is the following provision:

"The trustee is specifically not to dispose of any assets without the consent of Sheila Rae Heller, if living, and if not, without the consent of the adult beneficiaries of the trust. The decision of any of them regarding the sale of assets shall control—with no duty on the trustee to inquire into the wisdom or propriety of such decision. Upon no account shall any beneficiary or the trustee be held liable for any loss or any damage sustained by the trust estate by the reason of their giving or withholding such consent for their rendering of any decision regarding the investment of trust assets."

In October of 1970, prior to the full funding of the trust, the Bank requested Heller to release her control as to certain investments consisting of corporate bonds and a note receivable. The matter was raised in a letter to Heller from the account manager of the trust. In response to the letter, Heller signed a relinquishment which had been enclosed in the letter, and returned it to the Bank.

The Bank made an analysis of the corporate bonds in the trust portfolio, and sold them. The sale was for a modest gain. The Bank then invested the proceeds in a 25/75 balance between the bank's common trust funds B and C respectively. Fund B was a fixed income fund emphasizing current yield. Fund C was a stock or equity fund which reflected appreciation or depreciation in value of the underlying assets.

The Fund C units experienced a substantial market value decline during the period of administration by the Bank.

The trial court found that the losses which Heller claims because of diminution in value of the trust fund units still in the corpus of the trusts were unrealized because no sale had occurred. However, it found immediate losses had been realized when certain trust fund units had been sold, out of principal, to make disbursements.

The trial court disposed of the case in two stages. Plaintiff's motion for summary judgment was granted in part and denied in part. The trial court then decided the remaining issues at trial.

After making detailed findings of fact and conclusions of law, the trial court ordered:

1) that the bank restore to the total trust corpus one-half of the compensation which it received as trustee from the beginning of the trust until the filing of this action, i.e., $4,474, together with simple interest at the legal rate;

2) that the bank restore to the trust $5,500 to replace distributions improperly made together with simple interest at the legal rate on the amounts so distributed beginning with the calendar year end in each case;

3) that the bank pay [Heller] $4,000 to reimburse her payment of reasonable accountant's fees;

4) that the bank pay [Heller] $8,000 to pay her reasonable attorney's fees.

The Bank contends the trial court erred in determining on summary judgment that it had breached its duty to provide Heller with a proper accounting of the trusts and that it erred in concluding at trial that the failure to establish a proper accounting system led to distributions of principal which, because of lack of a proper accounting system, were not based upon knowledgeable discretion. It finally argues that there was no basis in evidence for awarding damages to Heller.

Heller contends that the trial court erred in finding that she made a knowledgeable and informed relinquishment of her powers under the trust, and that the Bank acted as a "reasonable prudent man" in managing the property of another. She also claims that the damages do not cover certain breaches of trust, including failure to provide comprehensible accountings, unauthorized invasions of principal, failure to select an annual date on which to compute undistributed income together with failure to apply this interest to principal, and the sale of trust assets at a loss. She also claims that damages awarded are inadequate as a matter of law.

I

■ We first address the Bank's contention that the trial court erred in granting partial summary judgment wherein the trial court held that: the bank's periodic accounting was unclear and inconsistent and did not clearly set forth the condition of the trust; the bank breached its duty to provide Heller with an accounting clearly setting forth the condition of the trust; and the bank's breach of such duty required Heller to secure the services of an accountant. We disagree with the Bank's contentions.

Heller's motion for summary judgment was supported by excerpts from four depositions and a memorandum brief. The Bank did not file counter-affidavits or a brief in opposition to Heller's motion. It failed to identify anything in the evidentiary record to place in doubt Heller's contention that the bank was under a duty to provide, but failed to render comprehensible accounts.

■ C.R.C.P. 56(e) provides that the party against whom summary judgment is moved may not rely upon the allegations and denials of the pleadings, but must itself, by affidavits or otherwise, set forth specific facts which demonstrate the existence of a triable issue. *See Durnford v. City of Thornton,* 29 Colo.App. 349, 483 P.2d 977 (1971). If a party does not respond, summary judgment, if appropriate, shall be entered against it. C.R.C.P. 56(e). Once

the movant shows that genuine issues are absent, the burden shifts, and unless the opposing party demonstrates true factual controversy, summary judgment is proper. *Ginter v. Palmer & Co.,* 196 Colo. 203, 585 P.2d 583 (1978).

The Bank's next contentions are that there is insufficient evidence to show breaches of duty which caused damage, and that even if the existence of breaches is assumed, there is insufficient evidence to establish actual damages. It argues that the trial court committed error in law in concluding that the Bank should be surcharged $5,500 for those distributions which the trial court concluded were outside its proper exercise of discretion.

Both parties offered considerable testimony regarding the regular and special distributions paid to Heller. In addition, the trial court had before it a detailed itemization of account distributions from which it could extract relevant information. This evidence, combined with Heller's testimony, provides competent evidence for finding liability in the amount awarded.

Here, the trial court applied the correct standard of law.

"If there is uncertainty as to the extent of damage to the trust, there can be no doubt as to the fact of damage. In such a case, the Colorado decisions hold that damages are to be closely approximated by drawing reasonable and probable inferences from the facts proven." *Rippey v. Denver U.S. National Bank,* 273 F.Supp. 718, 744 (D.Colo.1967).

The Bank further contends that the trial court erred by concluding that it should be denied a portion of its compensation for services as trustee during the period of administration prior to the filing of this action. Again, we disagree.

Since the trial court found that the bank had breached its duty to provide clear and accurate accountings of the trust activity, it permissibly concluded that the bank did not exercise proper discretion in its consideration of trust distributions. The trial court concomitantly found that the bank had "not

properly performed the services for which compensation is given." *See A. Scott, Trusts* § 243 at 2139 (3rd ed. 1967). If a trustee has been guilty of a serious breach of trust, it is within the discretion of the court to deny it all compensation, or to reduce its commissions below the sum which otherwise would be granted. *Cloud v. U.S. National Bank,* 280 Or. 83, 570 P.2d 350 (1977); *G. Bogert, Trusts & Trustees* § 861 at 23 (2d ed. 1964).

As part of its findings, the trial court surcharged the bank $4,000 as the amount of Heller's reasonable accountant's fees incurred in analyzing and rectifying the accounting of the trust. The bank contends that the surcharge was not warranted, because the trial court erred in granting summary judgment upon the issue of the adequacy of accounting. However, as discussed above, summary judgment was properly granted upon this issue; therefore, the surcharge was also proper.

## II

The Bank also raises as error the trial court's award to Heller of simple interest at the legal rate on sums representing one-half the Bank's compensation as trustee and on the surcharge for sums improperly distributed. The Bank contends that no award of interest on sums recovered should have been made, for the award of interest is governed by statute and is in no sense equitable. Heller, on the other hand, argues that the trial court erred by not awarding compound interest, for she is not made completely whole by an award of simple interest. We approve the decision of the trial court.

In a breach of trust action, an award of interest on sums recovered by the *cestui que* trust may be an integral part of the goal of the action, to make the *cestui que* trust whole. *G. Bogert, supra,* § 863; *see Strickland v. Arnold Thomas Seed Service,* 277 Or. 165, 560 P.2d 597 (1977). The award of interest in a breach of trust action is wholly independent of statute. Whether interest will be allowed, at what rate, and from what date is wholly in the discretion

of the trial court. And, whether simple or compound interest shall be allowed is a question of discretion and fact in each case.

As a general rule, compound interest is more often allowed in cases involving fraud, willful misconduct, or other gross delinquency, than in instances of honest mistake or bad judgment. *G. Bogert, supra,* § 863. In the present case, the trial court, on supporting evidence, specifically found that the Bank did not act willfully or recklessly in failing to meet its duty to maintain clear and accurate accountings and to exercise discretion based upon this information. In view of this finding and the discretion reposed in the trial court to award interest on sums recovered, the award of simple interest at the legal rate instead of compound interest is amply supported and justified.

### III

Heller claims the trial court erred in finding that she had validly relinquished her power of consent. The basis for the argument is that the trial court did not apply the correct legal standard to the issue of whether the relinquishment was valid and binding. We disagree.

The trial court specifically found that Heller made a knowledgeable and informed relinquishment of her powers under the trust to control the investments. The trial court found that there was no evidence presented that any misrepresentation, concealment, or other wrongful conduct was present in the Bank's conduct.

The trial court further found that the Bank's conduct after securing the relinquishment was not sufficient to overcome the effect of the relinquishment. Thus, contrary to Heller's argument, *Zink v. Carlile,* 126 Colo. 208, 248 P.2d 306 (1952) does not apply, for the Bank, as trustee, neither acquired property from the trust, nor enriched itself at the expense of its beneficiary.

Where the beneficiary of a trust relinquishes the power to consent to investment decisions, and the validity of that relinquishment is at issue, the rule to be applied is:

> "If a beneficiary of full age and sound mind, acting with full knowledge of the facts on the case and of his rights, and not under the influence of misrepresentation, concealment, or other wrongful conduct on the part of the trustee or another, consents that the trustee or a third person perform an act or refrain from performing an act, equity will not permit the beneficiary to allege thereafter that the conduct of the trustee or third person to which consent was given was a breach of trust, or amounted to participation in a breach." *G. Bogert, supra,* § 941 at 448; *see also Fryberger v. Turner,* 109 N.W. 229, 99 Minn. 236 (1934); *A. Scott, Trusts* § 216 (3rd ed. 1967).

Our examination of the record does not sustain Heller's contention that the trial court applied the wrong standard to the evidence.

### IV

Heller also argues that the trial court erred in finding that the Bank acted as a reasonably prudent person in managing the property of another when the Bank replaced bonds, rated AAA, with Common Trust Fund Units managed by the Bank. Specifically, Heller contends that the purchase of Common Trust Fund C, a stock equity fund, with proceeds from the sale of the bonds, violated the Bank's responsibility to preserve the trust corpus.

When reviewing investments made by a trustee, a court may not use the advantages of hindsight. "A court [will] endeavor to place itself in the position of the trustee at the time [it] made the investment and not to charge [it] with knowledge of what has happened since the investment." *G. Bogert, supra,* § 612 at 53; *United States National Bank & Trust Co. v. Sullivan,* 69 F.2d 412 (7th Cir.1934).

Section 15–1–304, C.R.S.1973 (1982 Cum. Supp.) sets forth the standard a trustee must follow in managing investments for the beneficiary of a trust and specifically requires the trustee "to have in mind ...

the size, nature, and needs of the estates entrusted to their care" and to "exercise the judgment and care, under the circumstances then prevailing, which men of prudence, discretion, and intelligence exercise in the management of property of another." Furthermore, within the limitations of the aforementioned standard, the statute specifically includes common trust funds as an acceptable investment.

We disapprove of the trial court's reference to the diminution in value of the trust estate through the purchase of Common Trust Fund C as "unrealized" damages. However, having held that the sale of the bonds and purchase of Common Fund B was within the discretion of the Bank, the trial court's denial of damages for this claim was not error.

### V

■ Heller next contends that the trial court erred by surcharging the bank $4,000 instead of the $6,000, which Heller paid to her accountant for his services in clarifying the trust accounting. Heller argues that the accountant's fee was not requested as costs for expert testimony, but as an element of consequential damages caused by the bank's failure to account properly for trust activity. Heller concedes that the amount of an expert witness fee to be awarded is within the discretion of the trial court, *Lamont v. Riverside Irrigation District,* 179 Colo. 134, 498 P.2d 1150 (1972); but she argues that the fee in question is consequential damages and not an expert witness fee as viewed by the Bank.

We agree with Heller's classification of the fee. However, contrary to Heller's contention, the fact that she paid $6,000 in accountant's fees is not binding upon the trial court. The fee paid is evidence of reasonableness, but it is not conclusive. As stated in *Kendall v. Hargrave,* 142 Colo. 120, 123, 349 P.2d 993, 994 (1960):

" 'While the correct measure of damages is the necessary and reasonable value of the services rendered, rather than the amount which may have been paid for such services, nevertheless the amount paid for services is some evidence of their reasonable value.' "

*See also Palmer Park Gardens, Inc. v. Potter,* 162 Colo. 178, 425 P.2d 268 (1967). The determination of the amount to be awarded based upon the evidence before it is properly within the discretion of the trial court, and since there was no abuse of discretion here, the trial court's award will not be disturbed. *Bigler v. Richards,* 151 Colo. 325, 377 P.2d 552 (1963).

### VI

The trial court surcharged the Bank with what it determined to be the reasonable value of Heller's attorney's fees and found that the amount surcharged should be $8,000. The Bank contends that no attorney's fees should have been awarded, as Heller and her attorney had a contingent fee agreement between them. On cross-appeal, Heller contends that the trial court was misguided by the contingent fee contract, which is not in evidence, and that the amount of the award represented only a fraction of the attorney's time required by this case and, therefore, is insufficient.

■ The award of attorney's fees in a breach of trust action is an exception to the general rule prohibiting awards of attorney's fees absent statutory or contractual provisions. The decision to award attorney's fees and the amount of the award are within the discretion of the trial court. *See* G. Bogert, *supra,* §§ 701 and 871. The award of attorney's fees must be reasonable. The determination of reasonableness is a question of fact for the trial court which will not be disturbed on review unless it is patently erroneous and unsupported by the evidence. *Hartman v. Freedman,* 197 Colo. 275, 591 P.2d 1318 (1979).

■ The object of an award of attorney's fees in a breach of trust action is to make the injured party whole. *G. Bogert, supra,* § 701. The award must be supported by evidence adduced at trial, and "the trial court may consider, among other factors, the amount in controversy, the length of time required to represent the

client effectively, the complexity of the case, the value of the legal services to the client, and the usage in the legal community concerning fees in similar cases." *Hartman v. Freedman, supra.* The existence of a contingency fee contract between the injured party and such party's attorney is only a factor to be considered by the court in determining the reasonable value of attorney services. *See* Code of Professional Responsibility DR 2–106 (B); *In re Great Northern Iron Ore Properties,* 311 N.W.2d 488 (Minn.1981); *Minnetonka v. Carlson,* 265 N.W.2d 205 (Minn.1978).

 An award of fees in this case in no way interferes with the contractual relationships between attorney and client, as the Bank contends. The trial court's concern is to make the injured party whole, and not to involve itself in the practice of law. Therefore, the existence of a contingency fee contract between an attorney and a beneficiary who is injured by a trustee's breach of duty does not preclude an award of attorney's fees to the beneficiary.

 Heller contends that the attorney's fee award in this case is insufficient. The testimony of Heller's expert witness as to the value of the attorneys' services involved in this case is evidence to be considered by the trial court, but is not conclusive. Although courts may award attorneys fees for work upon issues of fact or law on which the client did not ultimately prevail, provided those issues were all part and parcel of one matter and were reasonably calculated to promote the client's interest, this determination is within the discretion of the court. *Littlefield v. Deland,* 641 F.2d 729 (10th Cir.1981); *Gurule v. Wilson,* 635 F.2d 782 (10th Cir.1980); *see also Duran v. Lamm,* 644 P.2d 66 (Colo.App.1981).

 Here, the trial court found that Heller's failure on issues relating to investment, and her substantial inability to prove the damages which she sought, were grounds for limiting the award of attorney's fees. These findings are supported by evidence and are within the discretionary guidelines set forth in *Hartman v. Freed-*

*man, supra.* Therefore, the attorney's fee award is affirmed.

 Heller has incurred additional legal expenses in defending the judgment in this case on appeal. Since this appeal does involve the protection of the trust estate from the breach of duty by the trustee, the award of attorney's fees in connection with the defense of this appeal is a proper means of making Heller whole. *See G. Bogert, supra,* § 701; *Zambruk v. Perlmutter 3rd Generation Builders, Inc.,* 32 Colo.App. 276, 510 P.2d 472 (1973).

### VII

Finally, Heller asserts that the trial court found several breaches of duty by the trustee, but erred in not awarding damages for those breaches. The record discloses that the trial court did award damages for those breaches which it found did in fact cause injury, and which required remedy.

The judgment is affirmed, and the cause is remanded to the probate court with directions to award to Heller such amount as shall adequately compensate her for legal fees reasonably incurred in this appeal.

PIERCE and BERMAN, JJ., concur.