**Howard D. PEARSON,**
**Plaintiff-Appellant,**

v.

**William SUBLETTE and Colorado**
**State Public Defender,**
**Defendants-Appellees.**

No. 85CA0648.

Colorado Court of Appeals,
Div. III.

Nov. 13, 1986.

Radosevich & Stokes, C.M. Radosevich, Denver, for plaintiff-appellant.

Hall & Evans, William F. Eggert, Richard D. Hall, Denver, for defendants-appellees.

SMITH, Judge.

Plaintiff, Howard D. Pearson, brought this legal malpractice action against William Sublette and his employer, the Colorado State Public Defender, alleging negligence in their representation of him in certain criminal cases. From a summary judgment entered for defendants, plaintiff appeals. We affirm.

On January 16, 1980, Pearson was charged with the armed robbery of an armored van carrying over $130,000 in checks, food stamps, and currency. At that time he had other charges pending against him in Arapahoe County and Denver.

Pursuant to court appointment, Sublette commenced his representation of Pearson in July 1980. Pearson maintained his innocence as to the aggravated robbery charge; however, on August 7, 1980, after consultation with Sublette, he voluntarily entered a plea of guilty to the charge, and as a result of this plea, a mandatory sentence count and two separate felony forgery charges pending against him were dismissed. Further, the District Attorney's office agreed not to file yet another charge which was under investigation.

Pursuant to his plea of guilty, Pearson was sentenced to six years in the Department of Corrections where he served approximately three years. After he was paroled from prison, the actual perpetrators of the robbery for which he had been sentenced were apprehended and confessed to the crime. Pursuant to a request from the public defender's office, the district court entered an order dismissing the case against Pearson.

Pearson's claim against defendants was based upon his contention that Sublette failed to represent him faithfully and diligently in the manner that a reasonably careful attorney would do under the same or similar circumstances. Following a hearing on defendants' motion for summary judgment, the trial court found that no questions of fact existed, that plaintiff was not entitled to any relief, and dismissed the case. That dismissal was proper.

■ A summary judgment shall be granted if the pleadings, depositions, the answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. C.R.C.P. 56(c). Once the moving party shows that genuine issues are absent, the burden shifts, and unless the opposing party demonstrates a true factual controversy, summary judgment is proper. *Heller v. First National Bank*, 657 P.2d 992 (Colo.App.1982).

Pearson argues that a genuine issue of fact existed as to whether Sublette was negligent in his representation because he did not fully investigate the case prior to advising Pearson to enter into the plea bargain. Essentially his argument was based on the fact that since Pearson did not commit the crime, there must have been some evidence or defense available which Sublette should have found.

■ It is uncontroverted, however, that prior to advising Pearson to enter into the plea bargain, Sublette discussed the case with the attorney to whom it had been previously assigned, reviewed the transcript of the preliminary hearing at which an eyewitness to the robbery had been examined, had received full discovery from the prosecution, and was familiar with the police reports and the prosecution's case. Moreover, Sublette met and discussed the case with his client several times prior to the plea hearing. He attempted to establish a defense but, because Pearson could not remember where he was at the time of the robbery nor give any other helpful information, he was unable to do so. Lastly,

the record reflects that Sublette did in fact research and analyze the pertinent issues in the case.

Prior to accepting Pearson's guilty plea, the trial court advised him of his rights pursuant to Crim.P. 11, including his right to a trial by jury, the right to confront witnesses against him, and the requirement that the district attorney prove his guilt as to each and every element of the offense beyond a reasonable doubt. The district attorney then explained the elements of the charge to Pearson and further informed him as to what evidence the prosecution would use to prove the case if it went to trial. Pearson told the court that he understood these rights and was satisfied with the representation he had received from Sublette.

We agree with the trial court that there is no genuine question of fact presented as to this issue. The uncontroverted evidence establishes that Sublette did in fact fully investigate this case and that Pearson was adequately advised prior to voluntarily entering his plea of guilty.

■ Pearson also argues that Sublette was negligent because he failed to argue the motion to suppress identification which had been filed with the court. We disagree.

The undisputed evidence shows that Sublette investigated and researched the motion and was of the opinion that it was groundless. Further, the district attorney had represented to Sublette that if he proceeded on the motion, the plea bargain would no longer be available to Pearson.

Faced with these options, Pearson, after complete and full disclosure, made the decision to accept the plea bargain rather than proceed to trial. This ultimate decision was solely Pearson's to make. Again, we find that no issue of material fact exists relative to this issue.

Accordingly, there being no factual issues and no other facts which would support plaintiff's claim, the trial court properly entered summary judgment for defendants.

Judgment affirmed.

BABCOCK and METZGER, JJ., concur.