The FEDERAL LAND BANK OF WICHITA, a corporation, Plaintiff-Appellee,

v.

John M. DEATHERAGE and Alice E. Deatherage, Defendants-Appellants.

No. 86CA0550.

Colorado Court of Appeals, Div. I.

April 16, 1987.

Rehearing Denied June 18, 1987.

Lefferdink and Davis, John S. Lefferdink, Lamar, for plaintiff-appellee.

John M. Deatherage, pro se.

Alice E. Deatherage, pro se.

SILVERSTEIN,* Judge.

In this foreclosure action, defendants, John M. Deatherage and Alice E. Deatherage, appeal from the summary judgment of foreclosure entered in favor of plaintiff, Federal Land Bank of Wichita (bank). We affirm.

Defendants admit that, in exchange for a loan, they executed and delivered to the bank a promissory note dated February 24, 1972, in the original principal sum of $19,500. As security for the note, the defendants executed a mortgage on certain real property in Bent County, Colorado. In its complaint, the bank alleged default upon the note, exercise of its option to accelerate payment of the indebtedness, and failure to make payment by the defendants. Defendants answered with a general denial to the allegations of the complaint.

The defendants filed a motion to dismiss based on several grounds. The trial court denied the motion. Plaintiff then filed a motion for summary judgment, alleging that none of the pleadings filed by the defendants stated a legally cognizable defense, maintaining that no genuine issue as to any material fact remained for determination, and requesting that judgment be entered in plaintiff's favor as a matter of law. The summary judgment that is the subject of this appeal resulted.

A number of issues raised on appeal are based on the premise that defendants are "natural born sovereign individual[s] born in the State of Colorado and [are not] United States citizen[s] or subject to the jurisdiction thereof." Defendants maintain they cancelled their federal citizenship and returned to a "republic form of government" as part of the American Agricultural

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo.Const.*, art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

Movement. Having done this, defendants contend they are entitled to exercise their right of contract by "waiving their signatures" from the promissory note and mortgage, thereby cancelling the contracts. No basis in law exists to support defendants' contentions.

Initially, defendants challenge the trial court's jurisdiction over the subject matter and the parties involved in this case. The record reflects that the individual defendants were properly served with process. In addition, the district court has jurisdiction over the subject matter of the action. Colo.Const. art. VI, § 9; C.R.C.P. 105. We conclude the trial court had jurisdiction in this foreclosure proceeding.

Defendants further allege genuine issues of material fact exist which render summary judgment inappropriate. However, when a motion for summary judgment is made and supported as provided in C.R.C.P. 56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response must set forth specific facts showing that there is a genuine issue for trial. C.R.C.P. 56(e). We conclude plaintiff showed that genuine issues of fact were absent, thereby shifting the burden to defendants to demonstrate a true factual controversy. *See Heller v. First National Bank,* 657 P.2d 992 (Colo. App.1982). Defendants failed to do so, and accordingly, summary judgment was proper.

Defendant's other contentions are without merit.

The promissory note provides for payment of attorney fees in the event of default. Thus, plaintiff is entitled to reasonable attorney fees incurred in this appeal.

The judgment is affirmed and the cause is remanded to the trial court to determine and award to plaintiff its attorney fees reasonably incurred in this appeal.

STERNBERG, J., and HODGES, Justice,* concur.