Pamela Morrow **SARTORE**, as Mother, Legal Custodian, Natural Guardian, and Next Friend of Theodore Alexander Buder, Jr., and Cori Marie Buder, Plaintiffs–Appellees,

v.

Theodore Alexander **BUDER**, Defendant–Appellant.

No. 86CA0253.

Colorado Court of Appeals, Div. III.

March 17, 1988.

Rehearing Denied April 14, 1988.

Certiorari Granted (Buder) Aug. 22, 1988.

Hoyt, Graveley & Thorpe, Wesley W. Hoyt, G. Raymond Goodwin, Englewood, for plaintiffs-appellees.

Hall & Evans, Alan Epstein, Eugene O. Daniels, Denver, for defendant-appellant.

JONES, Judge.

Defendant, Theodore Alexander Buder, appeals the trial court's judgment against him in an action for breach of fiduciary duty and for an accounting. We affirm.

In 1972, defendant's father began making cash gifts to the two minor children of defendant and his then wife, plaintiff, Pamela Morrow Sartore. Defendant became custodian of such funds. The parties agree that the gift transactions were governed by the Uniform Gifts To Minors Act, § 11–50–101, et seq., C.R.S. (the Act). The Act is the predecessor of the Uniform Transfers To Minors Act, § 11–50–101, et seq., C.R.S.1987 Repl.Vol. 4B (U.T.M.A.), first enacted in 1984. It is also undisputed that all transfers or purchases of securities on behalf of the children were made designating defendant as custodian as required under the Uniform Fiduciary Security Transfers Act, § 15–1–601, et seq., C.R.S., the predecessor to § 15–1–601, et seq. C.R. S. (1987 Repl. Vol. 6B).

As custodian, defendant maintained 51.4 percent of the assets in stocks publicly traded on national exchanges, and 48.6 percent in penny stocks, traded locally over-the-counter. While the securities traded on the national exchanges sustained gains and losses reflecting the economy, all of the penny stocks, except for one, suffered large losses.

The court entered judgment against defendant and in favor of plaintiff, in which the court: 1) concluded defendant had breached the duty of care to his children as custodian of their property under the Act and removed him as custodian; 2) found damages totaling $15,026 for loss of the normal appreciation of the money invested in penny stocks plus interest totaling $618; and, 3) ordered defendant to pay $65,102 to replace all sums expended by defendant on penny stock investments. Later, the court awarded attorney fees and costs in the amount of $14,922 to plaintiff. This appeal followed.

## I.

■ Defendant contends that the trial court applied an improper standard of care to him as custodian of the children's property. We disagree.

The trial court based relief on the standard of care applicable to a custodian under the Act. Section 105(5) of the Act, states in pertinent part:

> "The custodian, notwithstanding statutes restricting investments by fiduciaries, shall invest and reinvest the custodial property as would a prudent man of discretion and intelligence who is seeking a reasonable income and the preservation of his capital...."

This standard of care was similar to the standard owed by a trustee under the general trust law before July 1, 1975. *See* § 15–1–304, C.R.S. Both standards focused on the element of how a prudent man would invest his own capital or account.

The trial court appropriately did not apply the higher standard of care for a trustee as alleged by defendant. The higher standard went into effect after July 1, 1975, as set out in § 15–1–304, C.R.S. (1987 Repl. Vol. 6B). Nor did the court apply the newer standard for a custodian enacted in 1984 under § 11–50–113, C.R.S. (1987 Repl. Vol. 4B), of the U.T.M.A. The higher standard set forth in the amendments requires the custodian to act as a prudent person to deal with greater care for the property of another than for his own. However, both the statutes, on the issue of standard of care, paralleled each other prior to the July 1, 1975 changes in the general trust law.

■ We conclude that in this case the fiduciary duty owed by a trustee under general trust law, and a custodian under the Act are the same. *See* Restatement (Second) of Trusts § 227(a) comment f(1) and (2) (1959). That section states that a trustee may not purchase for the purpose of speculation nor purchase new and untried securities. The evidence reflects and the trial court found that penny stocks were highly speculative. Thus, defendant had no authority to invest in penny stocks. Such investments violated the reasonable prudence standard for the protection and care of the children's property. *Rippey v. U.S. National Bank*, 273 F.Supp. 718 (D.Colo.1967).

## II.

■ Defendant also asserts that the trial court's award of damages, including interest, was improper. We disagree.

Section 106(5) of the Act, states: "a custodian not compensated for his services is not liable for losses to the custodial property *unless* they result from his bad faith, intentional wrongdoing, gross negligence, *or failure to maintain the standard of prudence in investing the custodial property* provided in this article." (emphasis added) In this case, defendant failed to maintain the standard of prudence when he invested in penny stocks. *See Rippey v. U.S. National Bank, supra.*

Where, as here, "the trustee's breach has been the making of an investment that is unauthorized ... and a loss resulted from the breach, the trustee may be compelled to restore the amount paid for the investment even though the loss may not have been entirely due to the trustee's breach...." G. Bogert, *Trusts & Trustees*, § 701 (1982).

■ Therefore, we hold that payment of interest, at what rate, and from what date, are decisions within the discretion of the trial court, so as to make the custodial estate whole. *Heller v. First National Bank*, 657 P.2d 992 (Colo.App.1982). The trial court did not abuse its discretion in

this case. *See Matter of Estate of Smith,* 718 P.2d 1069 (Colo.App.1986).

### III.

Defendant contends the trial court erred in awarding attorney fees to plaintiffs. We are not persuaded.

#### A.

 Contrary to the general rule prohibiting awards of attorney fees absent statutory or contractual provisions, attorney fees may be awarded in breach of trust cases, in the court's discretion, and in amounts which are reasonable, as determined by the trial court. *Heller v. First National Bank, supra; see* G. Bogert, *supra,* §§ 701 and 871.

There was no abuse of discretion here, and the award of attorney fees will not be disturbed on review. *See Hartman v. Freedman,* 197 Colo. 275, 591 P.2d 1318 (1979); *Heller v. First National Bank, supra.*

#### B.

We deny plaintiff's request for attorney fees from defendant on grounds that his appeal is frivolous and groundless. *See Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984).

However, we are not inclined to penalize plaintiff because her counsel did not base her request for attorney fees incurred in this appeal on the *Heller* doctrine, which allows attorney fees in breach of trust cases. In a different context, we said in *International Technical Instruments, Inc. v. Engineering Measurements Co.,* 678 P.2d 558 (Colo.App.1983), interpreting the predecessor statute to 13–17–102, C.R.S. (1987 Repl.Vol. 6A), that where a party had appropriately been awarded attorney fees for a stage of the proceeding prior to the appeal, that party would be entitled to reasonable attorney fees for defending the appeal. *See Carnal v. Dan Coleman, Inc.,* 727 P.2d 412 (Colo.App.1986) (attorney fees awarded in wage claim action pursuant to § 8–4–114, C.R.S.).

By analogy, since plaintiff here was correctly granted attorney fees by the trial court under the *Heller* doctrine, on the issues appealed by defendant, plaintiff is entitled to reasonable attorney fees on appeal.

The judgment is affirmed, and the cause is remanded for a hearing to determine reasonable attorney fees to be awarded to plaintiff for this appeal.

VAN CISE and BABCOCK, JJ., concur.