In the Matter of the CONSERVATOR-SHIP OF Jason ROTH, Protected Person–Appellee,

And Concerning United Bank of Garden of the Gods, N.A., Claimant–Intervenor–Appellant.

No. 89CA1263.

Colorado Court of Appeals, Div. V.

Aug. 30, 1990.

Rehearing Denied Oct. 11, 1990.

Certiorari Denied Feb. 11, 1991.

Stauffer, Otto & Davidson, P.C., J. Kent Stauffer, Colorado Springs, for protected person-appellee.

Spencer, Salley and Kuhn, P.C., George H. Salley, III, Colorado Springs, for claimant-intervenor-appellant.

Opinion by Judge PLANK.

United Bank of Garden of the Gods, N.A. (Bank) appeals from a summary judgment entered in favor of the estate of Jason Roth, a minor. We affirm.

On June 5, 1984, Delores B. and Leon M. Normand were appointed conservators of the minor's estate. Pursuant to the letters of conservatorship, the following restrictions were imposed:

"Assets to be placed in a restricted account in a Federally Insured Depository, no withdrawal without prior Court Order and approval of GAL [Guardian ad Litem] K. Spencer."

On June 21, 1985, Bank acknowledged by letter that the account opened by the conservatorship was restricted and that the funds could only be removed with a court order. Thereafter, on December 31, 1985, Delores Normand, as conservatrix for Roth, borrowed $50,000 from the bank. As collateral for the loan, Normand granted the bank a security interest in certificates of deposit owned by the minor's estate.

When the loan later went into default, the bank filed, *inter alia,* a claim against the estate seeking the trial court's permission to convert the collateral in satisfaction of the debt. Judgment was entered in favor of the minor's estate allowing it to retain the collateral. The trial court also awarded to the minor's estate the attorney fees it had incurred in defending the Bank's claim.

## I.

Bank argues that it acted within its statutory authority in structuring the transaction and did not exceed the restriction on the letters of conservatorship. We disagree.

Under § 15–14–426, C.R.S. (1989 Cum. Supp.):

If the court limits any power conferred on the conservator ... that title to some but not all assets of the protected person vest in the conservator, the limitation shall be endorsed upon his letters of appointment.

Third parties knowingly dealing with a conservator are not required to make inquiry into the existence or propriety of the conservator's power, "except that restrictions on powers of conservators which are endorsed on letters provided in § 15–14–426 are effective as to third persons." Section 15–14–423, C.R.S. (1987 Repl.Vol. 6B).

■ Here, the Bank acknowledged receipt of the restrictions contained in the letters, but it contends that the loan transaction is merely a "pledge" and is not equivalent to a "withdrawal." The Bank also asserts that a pledge does not constitute a "removal" or "disbursement" of funds or assets in this case. Hence, it argues that it may enforce the security interest without violating the letters of conservatorship. We disagree.

Prior to granting the loan, the Bank did not obtain permission either of the court or of the guardian ad litem to withdraw the restricted funds in case of default by the conservatrix on her loan. Instead, the Bank loaned the conservatrix the funds and now claims that the security interest given by her was a "pledge" and does not effectuate a "withdrawal." *See Moffat v. Williams,* 5 Colo.App. 184, 36 P. 914 (1894). The Bank ignores the fact that now it is seeking court approval to withdraw the estate funds.

We recognize that conservators are granted statutory power to borrow, loan, invest, and pledge estate funds; however, with the restrictions imposed in the letters, the conservators' authority here to pledge the assets of the minor's estate was modified. And, whatever may be the appropriate technical term, execution upon the collateral necessarily requires *removal* of the minor's estate funds. Indeed, the minor's estate would be entirely depleted if the trial court granted the Bank's motion to execute on the collateral. Thus, since the withdrawal of those funds is specifically prohibited by the court in its letters without *prior* approval of both the court and the guardian ad litem, and since the Bank accepted the funds knowing of the restriction, it may not circumvent that restriction by the terms of a loan agreement between itself and the conservatrix.

## II.

The Bank next contends that the trial court erred in granting attorney fees to the minor's estate. We disagree.

■ The trial court awarded the estate attorney fees based on the finding that once the Bank acknowledged the restriction in the letters, the Bank became more than a depository; it became a "custodian" pursuant to § 15–1–507, C.R.S. (1987 Repl.Vol. 6B), which provides that a bank or trust company acting as custodian shall be deemed to be a fiduciary. Thus, the court ruled that, because pledging the collateral was imprudent, the Bank breached a fiduciary duty it owed the minor's estate.

Here, the Bank agreed to the terms of the court order when it acknowledged the restrictions in the letters. Nevertheless, the Bank entered into a business transaction which jeopardized the assets of the minor's estate.

■ Because a fiduciary relationship exists, the Bank has a duty to refrain from involvement in transactions antagonistic to the interests of the protected person. *See Dolton v. Capitol Federal Savings Loan Ass'n,* 642 P.2d 21 (Colo.App.1981).

Based on this determination, the trial court correctly concluded that the issue of awarding attorney fees falls within the exception set out in *Heller v. First National Bank,* 657 P.2d 992 (Colo.App.1982). In *Heller,* the court held: "The award of attorney's fees in a breach of trust action is an exception to the general rule prohibiting awards of attorney's fees absent statutory or contractual provision." Additionally, in *Buder v. Sartore,* 774 P.2d 1383 (Colo. 1989) the court concluded that:

The rationale underlying *Heller,* that the object of an award of attorney fees in a breach of trust action is to make the injured party whole again, is, in our view, equally applicable in an action against a custodian for breach of fiduciary duty.

Here, under the holdings in *Heller* and *Buder*, the minor's estate is entitled to reasonable attorney fees, and the trial court's award is supported by evidence in the record. Thus, it is binding on appeal.

 Moreover, the *Heller* court also allowed the estate to recover the additional attorney fees incurred in defending the judgment on appeal as a proper means of making the estate whole.

Accordingly, the judgment is affirmed, and the cause is remanded to the trial court for an assessment of the reasonable attorney fees that the minor's estate has incurred in this appeal.

CRISWELL and COYTE *, JJ., concur.