Gid MOORE, Gary Moore, and Yuonna Carter, Plaintiffs–Appellants and Cross–Appellees,

v.

Stephen D. EDWARDS, Personal Representative of the Estate of Mary Lawrence Moore, Defendant–Appellee and Cross–Appellant.

No. 04CA0332.

Colorado Court of Appeals, Division A.

March 24, 2005.

Rasure & Associates, C. William Rasure, Jr., Durango, Colorado, for Plaintiffs–Appellants and Cross–Appellees.

R. Nicholas Palmer, LLC, R. Nicholas Palmer, Durango, Colorado, for Defendant–Appellee and Cross–Appellant.

Opinion by: Chief Judge DAVIDSON.

Plaintiffs, Gid Moore, Gary Moore, and Yuonna Carter, appeal and defendant, Stephen D. Edwards, cross-appeals from the judgment awarding attorney fees and costs to defendant. We affirm.

In February 2002, plaintiffs, the devisees of the estate of Mary Lawrence Moore, brought an action against defendant, the personal representative of the estate, for breach of fiduciary duty, negligence, and negligent misrepresentation. The trial court dismissed plaintiffs' case in October 2003 for failure to participate in discovery. The court subsequently awarded defendant $2995 in attorney fees and $145 in costs pursuant to C.R.C.P. 37(b)(2).

I.

On appeal, plaintiffs contend that the trial court erred in awarding defendant a portion of his attorney fees and costs under C.R.C.P. 37(b)(2) because they did not fail to

obey an order to provide or permit discovery. We perceive no error.

Pursuant to C.R.C.P. 37(b)(2), the trial court has the authority to assess attorney fees against a party who has failed to obey an order to provide or permit discovery.

Here, the trial court entered an order on August 11, 2003, requiring plaintiffs to "make themselves available to be deposed within thirty (30) days after the date of this Order." It is undisputed that the depositions did not occur.

Contrary to plaintiffs' contention that they never failed to appear at a scheduled deposition, the record reflects that defendant's counsel attempted to set plaintiffs' depositions numerous times and served plaintiffs' counsel with a notice of deposition in February 2003. The record is devoid of explanation as to why plaintiffs were unable to make themselves available for depositions between January 2003, when defendant's counsel first attempted to schedule the depositions, and September 2003.

Thus, we are not persuaded that the trial court's sanction of attorney fees under C.R.C.P. 37(b)(2) was improper given the record support for the court's finding that plaintiffs continually failed to comply with the rules of civil procedure and the court's orders.

We do not address plaintiffs' contention that the amount of the attorney fees awarded by the trial court was excessive because plaintiffs raised this issue for the first time on appeal. *See Estate of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718 (Colo. 1992).

## II.

■ On cross-appeal, defendant contends the trial court improperly denied his request for attorney fees incurred in defending against plaintiffs' breach of fiduciary duty claim. We do not agree.

Relying on *Heller v. First National Bank*, 657 P.2d 992, 999 (Colo.App.1982), and *Buder v. Sartore*, 774 P.2d 1383, 1390 (Colo.1989), defendant filed a motion for attorney fees in the trial court on the ground that he was the

successful party in a breach of fiduciary duty action. The trial court denied the motion, determining that *Heller* and *Buder* did not entitle a prevailing fiduciary in such an action to an award of attorney fees because the "rationale [employed in those cases] does not apply" to fiduciaries. Defendant argues that to read these decisions to deny him a reciprocal right to attorney fees violates his right to equal protection of the law under the Fourteenth Amendment of the United States Constitution and article 2, section 6 of the Colorado Constitution's Bill of Rights. We disagree.

■ Colorado follows the traditional American Rule that, absent statutory authority, an express contractual provision, or a court rule, the parties in a lawsuit are required to bear their own legal expenses. *See Bernhard v. Farmers Ins. Exch.*, 915 P.2d 1285 (Colo.1996). In *Heller v. First National Bank, supra*, 657 P.2d at 999, and, subsequently, in *Buder v. Sartore, supra*, 774 P.2d at 1390, Colorado appellate courts created an exception for prevailing beneficiaries in breach of trust and breach of fiduciary duty actions.

*Heller* concerned the improper management of an express trust by a trustee bank. On appeal, a division of this court addressed whether the beneficiary could be awarded attorney fees and concluded that "[t]he award of attorney's fees in a breach of trust action is an exception to the general rule prohibiting awards of attorney's fees absent statutory or contractual provisions." The division stated that the object of such an award "in a breach of trust action is to make the injured party whole." *Heller v. First Nat'l Bank, supra*, 657 P.2d at 999; *accord Bernhard v. Farmers Ins. Exch., supra*, 915 P.2d at 1289 ("because the standard of conduct required of a trustee is so high, the goal in a breach of trust action is to make the injured party whole, and thus the court has the discretion to award attorney fees if necessary to meet that goal").

Similarly, in *Buder*, a custodian breached his fiduciary duty by imprudently investing his children's funds. In addressing the issue of attorney fees, the Colorado Supreme Court first noted that *Heller* had "held that

attorney fees may be assessed in a breach of trust action." *Buder v. Sartore, supra,* 774 P.2d at 1390. The court then reasoned that the exception created in *Heller,* concerning a trustee's breach of trust, was equally applicable to a custodian's breach of his fiduciary duty. The court went on to award attorney fees to the prevailing beneficiary, noting that "[t]he fundamental purpose of performing an accounting ... that of making the [beneficiaries] whole by returning them to the position they would have enjoyed had [the fiduciary] not imprudently invested their funds, would be frustrated by requiring them to pay attorney fees out of their funds." *Buder v. Sartore, supra,* 774 P.2d at 1391.

Subsequent cases also recognized that prevailing beneficiaries may, in the discretion of the trial court, be entitled to attorney fees in breach of trust and breach of fiduciary duty actions. None of these decisions, however, addressed whether the equitable right granted to successful beneficiaries to seek such awards was reciprocal. *See Bernhard v. Farmers Ins. Exch., supra,* 915 P.2d at 1289 (declining to apply the exception to the breach of the "quasi-fiduciary" duty of an insurer to an insured); *In re Estate of Klarner,* 98 P.3d 892, 899 (Colo.App.2003) (*cert. granted* Oct. 4, 2004) (successful beneficiary may be awarded fees in breach of trust action); *Smith v. Mehaffy,* 30 P.3d 727, 732–33 (Colo.App.2000) (successful client in legal malpractice action denied attorney fees because malpractice claim not based on breach of fiduciary duty); *In re Estate of Shuler,* 981 P.2d 1109, 1113 (Colo.App.1999) (beneficiary in a breach of fiduciary duty claim against personal representative may receive attorney fees); *Stevens v. Moore & Co. Realtor,* 874 P.2d 495, 498 (Colo.App.1994) (declining to extend *Heller* and *Buder* to successful tenant in a breach of fiduciary duty action against his realtors); *In re Conservatorship of Roth,* 804 P.2d 265, 267 (Colo. App.1990) (successful beneficiary in breach of fiduciary duty action against bank custodian may receive attorney fees).

We conclude that the trial court here correctly reasoned that the need to fashion an equitable right to seek attorney fees in breach of trust and breach of fiduciary cases pertained only to prevailing beneficiaries. Certainly, on the one hand, to recoup funds misappropriated by a fiduciary through a successful lawsuit would likely be a meaningless exercise to a beneficiary without a rule allowing for an award of attorney fees.

On the other hand, however, it is well settled that, in numerous situations, fiduciaries in breach of trust and breach of fiduciary duty cases may seek from the respective beneficiaries' estates awards of litigation costs and expenses, including attorney fees. In those circumstances, the creation of a new equitable remedy "to make the fiduciary whole" simply is unnecessary.

For example, in a breach of trust action, a successful trustee may be awarded attorney fees from the trust estate. *See In re Trust of Franzen,* 955 P.2d 1018, 1022 (Colo.1998) ("a trustee is entitled to indemnification for the expenses of prosecuting and defending actions on behalf of the trust," including attorney fees, if the need for litigation was not caused by the fault of the trustee); *In re Estate of McCart,* 847 P.2d 184, 187–88 (Colo. App.1992); *In re Estate of Moring v. Colo. Dep't of Health Care Policy & Fin.,* 24 P.3d 642, 647 (Colo.App.2001); *see also* Restatement (Second) of Trusts § 244 (1959) ("The trustee is entitled to indemnity out of the trust estate for expenses properly incurred by him in the administration of the trust."); 3A William F. Fratcher, *Scott on Trusts* § 244, at 323 (4th ed. 1988) ("It is obvious that the cost of administering a trust should be borne by the trust estate and not by the trustees personally if those costs are properly incurred.").

Similarly, a personal representative, such as defendant, may request attorney fees under the Colorado Probate Code. *See* § 15–12–720(1), C.R.S.2004 (personal representative who "defends or prosecutes any proceeding in good faith, whether successful or not ... is entitled to receive from the estate his or her necessary expenses and disbursements including reasonable attorney fees incurred"); *see also In re Estate of Breeden v. Gelfond,* 87 P.3d 167, 170 (Colo.App.2003) (former personal representative entitled to attorney fees for surcharge action).

Accordingly, although he did not do so, defendant was entitled to request attorney fees from the estate pursuant to § 15–12–720(1) for successfully defending the breach of fiduciary duty claim here. In that regard, he is treated no differently from the devisees who, if successful, would have been allowed to seek an award of attorney fees under the court-created exception to the American Rule.

Consequently, even if equal protection concerns are implicated when a nonreciprocal right to receive attorney fees is given to a particular class of litigants, *compare Torres v. Portillos,* 638 P.2d 274, 276–77 (Colo.1981) (no violation of equal protection where classification created by security deposit statute that mandates award of attorney fees to successful tenants but not to successful landlords is rationally related to a valid governmental purpose), *with More v. Johnson,* 193 Colo. 489, 494–95, 568 P.2d 437, 440–41 (1977) (unlawful detainer statute which provides for award of attorney fees to successful tenant with no reciprocal right to a successful landlord is a denial of equal protection), such is not the case here. *See Garhart ex rel. Tinsman v. Columbia/Healthone, L.L.C.,* 95 P.3d 571, 584 (Colo.2004) (when there is no disparate treatment, there is no equal protection claim).

Although defendant's cross-appeal was unsuccessful, we decline plaintiffs' request that we award them attorney fees for this appeal. *See In re Marriage of Eisenhuth,* 976 P.2d 896 (Colo.App.1999) (applying C.A.R. 38(d)).

The judgment is affirmed.

Judge HUME* and Judge NEY* concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and