Theresa Ann GRAY, Plaintiff–Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Defendant–Appellee,

**and Concerning Ozer & Trueax,
P.C., Appellant.**

**No. 90CA1812.**

Colorado Court of Appeals,
Div. III.

Jan. 16, 1992.

Ozer & Trueax, P.C., Karen Colburn, Denver, for plaintiff-appellant.

Creamer and Seaman, P.C., Thomas J. Seaman, Thomas J. Jirak, Denver, for defendant-appellee.

Ozer & Trueax, P.C., Karen Colburn, Denver, for appellant.

Opinion by Judge CRISWELL.

Plaintiff, Theresa Gray, and her counsel, Ozer & Trueax, appeal the order of the trial court which required them to pay a portion of the attorney fees and costs of defendant, State Farm Mutual Automobile Insurance Company, as a condition of granting a continuance of the trial date. We remand for an evidentiary hearing on the amount of fees.

In *Ford v. Simmons*, 52 Colo. 249, 121 P. 167 (1912), our supreme court held that a trial court has the discretionary authority

to impose terms as a condition of granting a continuance. The court went on to state:

the defendants' motion for continuance is granted upon terms, where, as in this case, it was optional with them to accept or not upon the terms imposed, their acceptance of the continuance is an acceptance of the conditions upon which it was granted.... Had the defendants desired to have had the validity of this order tested, they should have refused to accept its benefits, reserved their exceptions and proceeded with the trial. Not having done so, but, on the contrary, having asked for and enjoyed the benefit of the continuance, they cannot now be heard to complain as to the court's right to impose the terms upon which it was accepted.

In light of this authority, we conclude the trial court did not abuse its discretion in conditioning its order granting plaintiff's request for a continuance upon her and her counsel's payment of those attorney fees incurred by defendant in preparing for the trial that was continued.

However, plaintiff raised questions and objections respecting the amount of fees set forth in the affidavit filed on defendant's behalf. Under such circumstances, the trial court is required to hold an evidentiary hearing upon the issue of the amount of such fees before making its final determination. *See Pedlow v. Stamp*, 776 P.2d 382 (Colo.1989).

The trial court's order requiring plaintiff and her counsel to pay the attorney fees and costs of defendant incurred in preparing for the trial which was continued is affirmed, but the order awarding fees is reversed, and this matter is remanded to the trial court for a hearing to determine the amount of fees to award.

METZGER and NEY, JJ., concur.