SHYANNE PROPERTIES, LLC,
Plaintiff–Appellant,

v.

Cynthia F. TORP, Angel Investor Network, Inc., and Investors Choice Realty, Inc., Defendants–Appellees.

No. 08CA1632.

Colorado Court of Appeals,
Div. V.

April 16, 2009.

Rehearing Denied May 7, 2009.

Dean & Reid, LLC, Daniel W. Dean, Fort Collins, Colorado, for Plaintiff-Appellant.

Bell, Boge & Associates, P.C., Gregory S. Bell, Fort Collins, Colorado, for Defendants-Appellees.

Opinion by Judge GRAHAM.

Plaintiff, Shyanne Properties, LLC, appeals the trial court's order awarding defendants, Cynthia F. Torp, Angel Investor Network, Inc., and Investors Choice Realty, Inc., their attorney fees and costs pursuant to C.R.C.P. 105.1(d) and the spurious lien statutes, sections 38–35–201 to –204, C.R.S.2008. We affirm in part, reverse in part, and remand for further proceedings.

Plaintiff invested money with defendants for the purpose of acquiring real estate subject to foreclosure. The business relationship between the parties deteriorated, and plaintiff filed an action against defendants together with several notices of lis pendens against properties allegedly acquired by defendants with plaintiff's money. After plaintiff refused to execute a release, defendants filed a petition for the removal of the lis pendens as a spurious document pursuant to C.R.C.P. 105.1 and the spurious lien statutes, sections 38–35–201 to –204. Plaintiff did not respond to the petition. However, at the show cause hearing, plaintiff's counsel did not contest the petition and did not object to

the court's "entering an order stripping the lis pendens from the subject real estate."

The trial court concluded that the lis pendens was a spurious document pursuant to sections 38–35–109(3) and 38–35–204, C.R.S. 2008, and that defendants were entitled to an award of attorney fees and costs pursuant to C.R.C.P. 105.1(d). This appeal followed.

## I.

Plaintiff contends that there was no basis for an award of attorney fees and costs pursuant to C.R.C.P. 105.1(d) and sections 38–35–109(3) and 38–35–204 because a lis pendens cannot be a spurious lien or document. We disagree.

Pursuant to section 38–35–201(3), C.R.S. 2008, a "spurious document" means "any document that is forged or groundless, contains a material misstatement or false claim, or is otherwise patently invalid." *Westar Holdings P'ship v. Reece*, 991 P.2d 328, 330 (Colo. App.1999).

■ Contrary to plaintiff's contention, a division of this court recently held that a lis pendens is subject to analysis as a spurious document. *Pierce v. Francis*, 194 P.3d 505, 508 (Colo.App.2008). We are persuaded by the *Pierce* decision and follow it here. Therefore, because a lis pendens can be a spurious document, it falls under the spurious lien statute. *Id.* Accordingly, the trial court may award attorney fees and costs for a spurious lis pendens.

## II.

Plaintiff also argues that the trial court lacked personal jurisdiction to award attorney fees and costs to defendants because they did not properly serve the petition pursuant to C.R.C.P. 4(e) or (g). We conclude that the petition was served properly.

Any person whose real property is affected by a recorded lien or document believed to be spurious "may petition the district court" for an order directing the recording party to appear and "show cause why the lien or document should not be declared invalid." § 38–35–204(1), C.R.S.2008. C.R.C.P. 105.1(a)(1) provides for the filing and service

of a petition which claims that a filed lien or document is spurious. The petition may be served in several ways:

> Notice; Service. The petitioner shall issue a notice to respondent setting forth the time and place for the hearing on the show cause order.... The notice and a copy of the petition and order to show cause shall be served by the petitioner on the respondent not less than ten days prior to the date set for the hearing, by (1) mailing a true copy thereof by first class mail to each respondent at the address or addresses stated in the lien or document and (2) filing a copy with the clerk of the district court and delivering a second copy to the clerk of the district court for posting in the clerk's office, which shall be evidenced by the certificate of the petitioner or petitioner's agent or attorney. Alternatively, the petitioner may serve the petition, notice, and show cause order upon each respondent in accordance with Rule 4, or, in the event the claim is brought as a counterclaim or cross-claim in a pending action in which the parties have appeared, in accordance with Rule 5.

C.R.C.P. 105.1(b).

C.R.C.P. 4 requires personal service of the pleading that commences an action in the district court. *Eagle Peak Farms, Ltd. v. Lost Creek Ground Water Mgmt. Dist.,* 7 P.3d 1006, 1010 (Colo.App.1999). C.R.C.P. 5 addresses the filing of pleadings or other papers in an action which has already been commenced.

■ Here, defendants did not file the petition in an original proceeding and instead filed it in the pending action. Thus, because the filing of the petition did not commence the action here, the service of process requirements of C.R.C.P. 4 are not applicable. Instead, the service of the petition is prescribed by the service requirements of C.R.C.P. 5, which applies to "every pleading subsequent to the original complaint." C.R.C.P. 5(a).

We reject plaintiff's contention that the petition could not be served pursuant to C.R.C.P. 5 because it was not brought as a counterclaim.

Initially, we observe that the petition was in fact a claim, although it was not denominated a "counterclaim." *See* C.R.C.P. 8(a) (setting forth the general rules for pleading a claim).

The supreme court adopted C.R.C.P. 105.1(d) as a procedural mechanism for challenging the validity of a spurious lien or other document filed against real property. *Westar Holdings,* 991 P.2d at 331–32. Although C.R.C.P. 105.1 provides that a party may initiate a separate action and serve a petition under C.R.C.P. 4, a party may serve a claim to void a spurious document pursuant to C.R.C.P. 5 if it is set forth "as a counterclaim or cross-claim in a pending action." The rule does not specify that the petition must be set forth under the rubric of "counterclaim." C.R.C.P. 105.1 states that a party "*may* serve the petition, notice, and show cause order upon each respondent in accordance with Rule 4, or, in the event the claim is brought as a counterclaim or cross-claim in a pending action in which the parties have appeared, in accordance with Rule 5." (Emphasis added.)

Here, the effect of the petition was to assert the invalidity of the lis pendens. This claim either (1) "[arose] out of the transaction or occurrence that [was] the subject matter of the opposing party's claim," C.R.C.P. 13(a); or (2) was a claim unrelated to the underlying transaction set forth in the complaint but was permissive, *see* C.R.C.P. 13(b). In either case, the petition constituted a counterclaim, whether under C.R.C.P. 13(a) or (b). Because defendants did not file the claim in a separate proceeding, but in the pending action, they were not required to pay a docket fee pursuant to C.R.C.P. 105.1(e) and were free to serve their petition as a claim under C.R.C.P. 5.

The record demonstrates that the parties used an electronic filing and service system (E–Filing/Service System) as permitted by C.R.C.P. 121 section 1–26. That rule provides that documents for certain cases may be filed under C.R.C.P. 5 through the E–Filing/ Service System. C.R.C.P. 121 section 1–26(1)(d) states that "[p]arties who have subscribed to the E–System have agreed to receive service, other than service of a sum-

mons, via the E–System." *See also* C.R.C.P. 5(b)(2)(D) ("Parties who have subscribed to E–Filing, pursuant to C.R.C.P. 121 Section 1–26(1)(d), have agreed to receive E–Service."). "Documents submitted to the court through E–Filing shall be served under C.R.C.P. 5 by E–Service." C.R.C.P. 121 § 1–26(6). Defendants properly served the petition through the E–System pursuant to C.R.C.P. 5.

■ We also reject plaintiff's contention that the trial court lacked jurisdiction to enter an award of costs and attorney fees to defendants pursuant to C.R.C.P. 105.1(d) because plaintiff did not file a response to the petition and defendants did not serve the petition pursuant to C.R.C.P. 4.

C.R.C.P. 105.1(d) provides that the court may enter judgment in favor of the petitioner and against the respondent for the petitioner's costs, including reasonable attorney fees, (1) if following the show cause hearing, the court determines that the lien or document is spurious and declares it "and any related notice of lis pendens invalid," § 38–35–204(2), C.R.S.2008; *accord* C.R.C.P. 105.1(d); or (2) if no response to the petition has been filed and the petition has been personally served upon the respondent in accordance with C.R.C.P. 4(e) or (g), *see* C.R.C.P. 105.1(d). We construe the second contingency to apply when the trial court has dispensed with the show cause hearing upon the respondent's failure to file a response.

Here, although plaintiff did not file a response to the petition as required by C.R.C.P. 105.1(c), the trial court held a show cause hearing, which both parties attended. We therefore conclude that the first, and not second, contingency applies and, thus, service under C.R.C.P. 4(e) or (g) was not necessary. At the hearing, plaintiff's counsel did not object to the petition and agreed that the notice of lis pendens should be released. Plaintiff had an opportunity at the show cause hearing to defend the validity of the lis pendens, but chose not to do so. Because a show cause hearing was held and plaintiff did not refute that the lis pendens was spurious, the court had jurisdiction to enter judgment in favor of defendants and against plaintiff for defendants' costs and attorney fees pursuant to C.R.C.P. 105.1(d).

In sum, we conclude that the trial court had jurisdiction to award attorney fees and costs to defendants.

## III.

■ Plaintiff argues, defendants do not dispute, and we agree that the trial court abused its discretion in awarding attorney fees without holding an evidentiary hearing on reasonableness. If a party requests a hearing concerning an award of fees, the trial court must hold a hearing. *See Roberts v. Adams,* 47 P.3d 690, 700 (Colo.App.2001) (when a hearing is requested to determine the reasonableness and necessity of attorney fees, due process requires that the trial court hold such a hearing); *Rogers v. Westerman Farm Co.,* 986 P.2d 967, 976 (Colo.App.1998) (attorney fees award reversed and remanded for a hearing where plaintiffs requested a hearing on the issue of attorney fees in their responsive motion but trial court awarded fees without holding such a hearing), *rev'd on other grounds,* 29 P.3d 887 (Colo.2001); *Gray v. State Farm Mut. Auto. Ins. Co.,* 826 P.2d 420, 421 (Colo.App.1992) (where plaintiff raised questions and objections respecting the amount of fees set forth in the affidavit supporting fee request, trial court was required to hold an evidentiary hearing upon the issue of the amount of such fees before making its final determination); *see also* C.R.C.P. 121 § 1–22(2)(c) (when required to do so by law, the court shall grant a party's timely request for a hearing).

Here, plaintiff requested a hearing to determine the reasonableness and necessity of the attorney fees requested by defendants. Defendants agreed, stating that they did "not contest the right of the Plaintiff to a hearing *only on the amount* of attorney[ ] fees and costs to be awarded." Thus, the trial court erred in failing to conduct such a hearing prior to ruling.

Therefore, we reverse the trial court's award of attorney fees only as to the amount and remand for an evidentiary hearing and a determination of a reasonable amount of attorney fees. *See Roberts,* 47 P.3d at 700.

## IV.

Defendants request an award of attorney fees and costs incurred on appeal. Because defendants were correctly granted attorney fees by the trial court under section 38–35–204(2) and C.R.C.P. 105.1(d), they are entitled to reasonable attorney fees on appeal. *See Sartore v. Buder,* 759 P.2d 785, 788 (Colo.App.1988), *aff'd,* 774 P.2d 1383 (Colo. 1989). Therefore, under C.A.R. 39.5, we remand to the district court to determine the amount of those fees and costs. *HCA–Healthone, LLC v. City of Lone Tree,* 197 P.3d 236, 244 (Colo.App.2008).

The order determining defendants' entitlement to attorney fees and costs is affirmed, except as to the amount of attorney fees, which is reversed, and the case is remanded for additional proceedings, including an evidentiary hearing, consistent with this opinion.

Judge BERNARD and Judge BOORAS concur.