23CA1847 Coney v Deutsche Bank 11-21-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1847
City and County of Denver District Court No. 20CV34214
Honorable Shelley I. Gilman, Judge

---

Ella M. Coney,

Plaintiff-Appellant,

v.

Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage
Loan Trust 2004-1 Asset-Backed Certificates Series 2004-1; Long Beach
Mortgage Company; PHH Mortgage Corporation Successor by Merger to Ocwen
Loan Servicing LLC Successor in Interest to Ocwen Federal Bank FSB; and
Ameriquest Mortgage Company,

Defendants-Appellees.

---

ORDERS AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE YUN
Harris and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 21, 2024

---

Ella M. Coney, Pro Se

Murr Siler & Accomazzo, P.C., Jamie G. Siler, Denver, Colorado, for
Defendants-Appellees

¶ 1 This is the second appeal arising from an unsuccessful spurious lien action brought by the plaintiff, Ella M. Coney, against the defendants, (1) Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Loan Trust 2004-1 Asset-Backed Certificates Series 2004-1; (2) Long Beach Mortgage Company; (3) PHH Mortgage Corporation Successor by Merger to Ocwen Loan Servicing LLC Successor in Interest to Ocwen Federal Bank FSB; and (4) Ameriquest Mortgage Company (collectively, the lenders). Coney appeals the district court's orders (1) granting the lenders their appellate attorney fees and costs incurred in defending the first appeal, *see Coney v. Deutsche Bank,* slip op. at ¶¶ 13-14 (Colo. App. No. 22CA0438, Apr. 6, 2023) (not published pursuant to C.A.R. 35(e)) (*Coney I*); and (2) declining to reopen the evidentiary hearing on the lenders' motion for attorney fees. We affirm and remand for a determination of the lenders' appellate attorney fees incurred in defending the present appeal.

## I. Background

¶ 2 In 2020, Coney petitioned the district court to invalidate, as a spurious lien under section 38-35-204, C.R.S. 2024, and C.R.C.P. 105.1, a deed of trust on a parcel of Coney's real property. *Coney I,*

1

¶ 2. After a hearing, the district court denied Coney's petition and awarded the lenders their attorney fees. *See* § 38-35-204(1)(c) (providing that "the court shall award costs, including reasonable attorney fees, to the prevailing party"); C.R.C.P. 105.1(a)(3) (same). The lenders moved for attorney fees and, after an evidentiary hearing, the district court awarded them $39,515.78. *Coney I*, ¶ 5.

¶ 3 Coney appealed, and a division of this court affirmed. *Id.* at ¶ 1. The division also concluded that, because the lenders were "properly awarded attorney fees by the district court under section 38-35-204(3) and Rule 105.1, [they were] entitled to attorney fees incurred defending that award on appeal." *Id.* at ¶ 13. Accordingly, the division remanded the case to the district court to determine the lenders' reasonable and necessary appellate attorney fees. *Id.* at ¶ 14. The mandate issued on May 30, 2023.

¶ 4 On May 31, 2023, the lenders filed a motion for appellate attorney fees and costs. Coney filed a response in opposition, arguing that the lenders' motion was untimely and that the *Coney I* division erred by awarding the lenders their appellate attorney fees. The district court granted Coney's request for a hearing but ruled that (1) the lenders' motion, filed one day after the *Coney I* mandate

issued, was timely; and (2) the only issues to be addressed at the hearing were "the reasonableness and necessity of the requested fees and costs."

¶ 5 The hearing was scheduled for August 18, 2023, at 9:30 a.m. Before the hearing, Coney filed a "Hearing Brief" reiterating the arguments in her earlier response. She did not address the reasonableness or necessity of the lenders' requested fees and costs.

¶ 6 At 9:12 a.m. on the day of the hearing, Coney called the courthouse and left a voicemail stating that she was on her way to the hearing but would be late because she was stuck in traffic. The court waited until 10:00 a.m. When Coney did not appear or further contact the court, the court proceeded with the hearing and issued its findings of fact, conclusions of law, and final order, awarding the lenders $24,015.17 in attorney fees and costs. The hearing concluded at 10:39 a.m.

¶ 7 Meanwhile, unbeknownst to the district court, Coney called again at 10:36 a.m. to say she was in the emergency room and would not attend the hearing. Later that day, she went to the courthouse and filed a status report stating that she had suffered

an unspecified "substantial sudden medical emergency" and requesting a new hearing. She attached to her status report a receipt for an emergency visit at SCL Health on August 18, 2023. The receipt does not indicate the time of the visit, the reason for the visit, or whether Coney received any treatment.

¶ 8    The district court construed the status report as a motion to reopen the hearing and invited the parties to brief the matter. The lenders responded that, while a medical emergency could certainly constitute good cause to reopen the hearing, "the prior delays in this case, together with the sequence of events on the day of the hearing (evolving from Ms. Coney being stuck in traffic on the way to the hearing, to a medical emergency, to being medically okay and . . . filing a status report in-person at the courthouse that day) raise[d] questions regarding the particulars of the alleged emergency" that the receipt, with its lack of specificity, did not answer. They noted that, "[w]ithout divulging any sensitive medical information, Ms. Coney may still explain and verify when . . . and how the emergency arose," and they asked the court not to reopen the hearing unless Coney provided "confirmation, sufficient for [the]

Court in its reasonable discretion, that [she] indeed suffered a sudden emergency."

¶ 9 Coney filed an untimely reply reiterating her arguments that the lenders' motion for attorney fees was untimely and that the lenders were not legally entitled to their appellate fees from *Coney I*. She did not address the medical emergency.

¶ 10 The district court denied Coney's motion to reopen the hearing. It found that the receipt from SCL Heath did not establish that Coney experienced a sudden emergency; that Coney had originally "represented that she was in route to the hearing and did not provide any reason to suspect that she would suffer a sudden emergency moments later"; and that she was "medically available to file the . . . status report later that day." It further found that Coney had a history of causing scheduling delays in the case and noted that, in December 2021, it had granted her request for a continuance despite explicitly finding that there was no good cause to do so. Accordingly, the court found that Coney had failed to establish good cause to reopen the hearing.

## II.   Analysis

¶ 11   Coney contends that the district court made three errors: (1) not dismissing the case due to alleged mail fraud committed by the lenders; (2) finding that the lenders' motion for appellate attorney fees was timely; and (3) denying her request to reopen the hearing.  The lenders, for their part, contend that they are entitled to their attorney fees incurred in defending this appeal.  We begin with Coney's arguments, then turn to the lenders' fee request.

### A.   Mail Fraud

¶ 12   Coney argues for the first time on appeal that the lenders' motion for attorney fees was "filed and served with the incorrect return address" and that the lenders thereby violated a federal criminal statute, 18 U.S.C. § 1342, prohibiting the use of a fictitious address to conduct unlawful business by means of the Postal Service.  She does not say what address was used or why she believes it was incorrect.  Because Coney did not raise this issue in the district court or develop this argument on appeal, we do not address it.  *See Brown v. Silvern,* 141 P.3d 871, 874 (Colo. App. 2005) ("[A]rguments never presented to, considered by, or ruled upon by a trial court may not be raised for the first time on

appeal."); *In re Estate of Chavez*, 2022 COA 89M, ¶ 26 ("We don't consider undeveloped and unsupported arguments." (quoting *Woodbridge Condo. Ass'n v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 41 n.12)).

## B.    Timeliness

¶ 13    Next, Coney argues that the lenders' motion for appellate attorney fees was untimely because it was filed "after [the] mandate [in *Coney I*] was issue[d]." However, according to C.A.R. 41(b)(3), "any itemized and verified bill of costs . . . must be filed within 14 days after entry of the appellate mandate." Indeed, the district court would have been without jurisdiction to consider a motion filed before the appellate mandate issued. *See People v. Jones*, 631 P.2d 1132, 1133 (Colo. 1981) ("It is a well-established principle of law that where an appeal has been perfected, the trial court is divested of jurisdiction to issue any further orders in the case. . . . It is equally well-settled that the trial court's jurisdiction is restored when the appellate court issues its mandate."). The district court

thus did not err by finding that the lenders' motion, filed one day after the *Coney I* mandate issued, was timely.[1]

## C.    Motion to Reopen

¶ 14    Finally, Coney argues that the district court erred by finding that she did not establish good cause to reopen the hearing.  We are not persuaded.

### 1.    Standard of Review

¶ 15    The district court has the "discretion to decide whether reopening the evidence is appropriate and necessary to advance justice and facilitate the court's determination on the merits."  *In re Marriage of Medeiros*, 2023 COA 42M, ¶ 22.  "A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or based on a misapprehension or misapplication of the law."  *Far Horizons Farm, LLC v. Flying Dutchman Condo. Ass'n*, 2023 COA 99, ¶ 17.

---

[1] To the extent Coney argues that the *Coney I* mandate issued or was supposed to issue on April 21, 2023, fifteen days after the remand order, she is mistaken.  The mandate was properly issued on May 30, 2023.  *See* C.A.R. 41(b)(1) (Absent exceptions not relevant here, "the court of appeals mandate will issue no earlier than 42 days after entry of the judgment.").

## 2. Law and Discussion

¶ 16 In deciding whether to reopen the evidence, courts should consider factors including, as relevant here, (1) "the extent to which the motion is presented in good faith to facilitate the court's decision on the merits of the case and not for purposes of delay, harassment, or gamesmanship"; and (2) "what evidence the party seeks to present and its relevance to the pending issues." *Medeiros*, ¶ 22.

¶ 17 Here, the court found, with record support, that Coney's motion to reopen was not presented in good faith. Coney's account of her absence at the hearing changed from a traffic delay to a medical emergency, yet she never provided evidence of or an explanation for the emergency, despite the lenders' offer that, if she would simply "explain and verify when . . . and how the emergency arose," they would withdraw their opposition to reopening the hearing. Coney's history of scheduling delays in the case further supports the court's finding. *See Butler v. Farner*, 704 P.2d 853, 859 (Colo. 1985) (noting that "a serious question arose about [the defendant's] good faith in claiming unavailability" when the "request for a continuance was not [the] first attempt to postpone trial in this

case" and that, under these circumstances, the district court justifiably could conclude that the request "was interposed solely for delay").

¶ 18     Further, although Coney's status report did not indicate (and the district court did not address) what evidence she sought to present at the hearing, the record suggests that she sought to present evidence irrelevant to the pending issues. *See City of Aurora v. Dep't of Revenue*, 2023 COA 17, ¶ 11 ("An appellate court may . . . affirm on any ground supported by the record.") (citation omitted). Although the district court had already ruled that the only issues to be addressed at the hearing were "the reasonableness and necessity of the [lenders'] requested fees and costs," Coney continued to dispute the timeliness of the lenders' fee request and the lenders' entitlement to appellate fees in her hearing brief and her reply in support of her motion to reopen the hearing. She did not, in contrast, raise any issues related to the reasonableness and necessity of the lenders' requested appellate fees and costs.

¶ 19     We thus conclude that the district court did not abuse its discretion by declining to reopen the hearing.

## D. Appellate Attorney Fees

¶ 20 The lenders argue that, because they were properly awarded attorney fees by the district court under section 38-35-204(1)(c) and Rule 105.1(a)(3), they are entitled to attorney fees incurred defending that award on appeal. We agree. *See Shyanne Properties, LLC v. Torp*, 210 P.3d 490, 494 (Colo. App. 2009) (holding that, "[b]ecause defendants were correctly granted attorney fees by the trial court" under section 38-35-204 and Rule 105.1, "they are entitled to reasonable attorney fees on appeal"); *Kennedy v. King Soopers Inc.*, 148 P.3d 385, 390 (Colo. App. 2006) ("When a party is awarded attorney fees for a prior stage of the proceedings, it may recover reasonable attorney fees and costs for successfully defending the appeal."). Therefore, on remand, we direct the district court to determine and award reasonable attorney fees the lenders incurred in this appeal.

## III. Disposition

¶ 21 The orders are affirmed, and the case is remanded to the district court to determine the lenders' reasonable and necessary attorney fees incurred on appeal.

JUDGE HARRIS and JUDGE KUHN concur.