24CA1918 McBride v Johnson 11-13-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1918
Arapahoe County District Court No. 19CV32302
Honorable J. Steven Patrick, Judge

Steven R. McBride d/b/a McBride QDRO Services,

Plaintiff-Appellee,

v.

Maurice A. Johnson,

Defendant-Appellant.

JUDGMENT AFFIRMED, ORDER AFFIRMED IN PART
AND REVERSED IN PART, AND CASE REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE YUN
Freyre and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 13, 2025

Richard K. Rufner, Maineville, Ohio, for Plaintiff-Appellee

Maurice A. Johnson, Centennial, Colorado, for Defendant-Appellant

¶ 1     The defendant, Maurice A. Johnson, appeals the trial court's judgment and order (1) dismissing his deceptive trade practices counterclaim; and (2) awarding attorney fees to the plaintiff, Steven R. McBride.  We affirm the dismissal of Johnson's counterclaim, reverse the award of attorney fees, and remand the case for a hearing on McBride's fees request.

## I.     Background

¶ 2     The factual background of this case is taken from a prior opinion of a division of this court.  *See McBride v. Johnson,* (Colo. App. No. 22CA1074, Aug. 3, 2023) (not published pursuant to C.A.R. 35(e)).

¶ 3     Johnson is a licensed Colorado attorney who specializes in the preparation of qualified domestic relations orders (QDROs).  *Id.,* slip op. at ¶ 3.  McBride, who is not a licensed attorney, is trained and experienced in preparing, filing, and obtaining approval of QDROs.  *Id.*

¶ 4     In November 2016, Johnson filed a complaint with the Office of Attorney Regulation Counsel alleging that McBride was engaged in the unauthorized practice of law by preparing QDROs on behalf of clients.  *Id.* at ¶ 4.  In April 2017, regulatory counsel concluded

1

that McBride was not engaged in the unauthorized practice of law when preparing QDROs.  *Id.*  Specifically, regulatory counsel determined,

> [W]hile [McBride's] preparation of QDROs involves some exercise of legal discretion, he has caused no harm.  Rather, it appears his work benefits the family law bar and divorcing parties.  He charges modest fees, increasing access to justice.  Under these circumstances, we decline to investigate further.

*Id.* at ¶ 15.

¶ 5     In 2019, Johnson contacted several individuals, including a client who had hired McBride to prepare QDROs for a dissolution of marriage, to tell them that McBride was an "unlicensed QDRO template salesman" engaged in the unauthorized practice of law.  *Id.* at ¶¶ 5-8.  McBride filed a lawsuit against Johnson, claiming that Johnson had defamed him, and Johnson filed (as relevant here) a counterclaim alleging that McBride had violated the Colorado Consumer Protection Act (CCPA) by engaging in deceptive trade practices.  *Id.* at ¶ 10.  After a jury trial that was converted into a bench trial, the trial court ruled in favor of McBride on both claims.  *Id.* at ¶¶ 11-12.  Johnson then appealed.

¶ 6     On appeal, a division of this court upheld the trial court's findings that (1) Johnson had received regulatory counsel's April 2017 letter determining that McBride was not engaged in the unauthorized practice of law, and (2) Johnson's statements that McBride was engaged in the unauthorized practice of law were defamatory per se. *Id.* at ¶¶ 21-22. But the division held that the trial court had erred by granting McBride's motion in limine to exclude evidence of Johnson's deceptive trade practices counterclaim, and it remanded the case for the court to resolve the counterclaim. *Id.* at ¶¶ 48, 57.

¶ 7     On remand, the trial court held a second bench trial at which only McBride and Johnson testified. Following this trial, the court ruled that McBride was not engaged in a deceptive trade practice.

¶ 8     Johnson now appeals.

II.     Deceptive Trade Practices Counterclaim

¶ 9     Johnson contends that the trial court erred by dismissing his deceptive trade practices counterclaim. We disagree.

A.     Additional Background

¶ 10    At the start of the second trial, Johnson attempted to argue that McBride's work preparing QDROs on behalf of clients was a

deceptive trade practice *because* it constituted the unauthorized practice of law. Specifically, Johnson argued that McBride's QDRO work violated section 6-1-105(1)(z), C.R.S. 2025, which provides that a person engages in a deceptive trade practice when, in the course of the person's business, the person "[r]efuses or fails to obtain all governmental licenses or permits required to perform the services . . . as agreed to or contracted for with a consumer." "[P]racticing law without a license," he argued, "is a deceptive trade practice."

¶ 11    McBride objected, noting that regulatory counsel, the trial court, and a division of this court had already determined that McBride was not engaged in the unauthorized practice of law. The trial court sustained the objection, ruling that "we're not going to revisit the issue of whether there's an unauthorized practice of law."

### B.    Governing Law and Standard of Review

¶ 12    To prove a private claim for relief under the CCPA, a plaintiff must establish

> (1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as

4

> actual or potential consumers of the
> defendant's goods, services, or property;
> (4) that the plaintiff suffered injury in fact to a
> legally protected interest; and (5) that the
> challenged practice caused the plaintiff's
> injury.

*Crowe v. Tull*, 126 P.3d 196, 201 (Colo. 2006) (citation omitted).

¶ 13    "When a court enters a judgment following a bench trial, that judgment presents a mixed question of law and fact." *May v. Petersen*, 2020 COA 75, ¶ 10 (quoting *State Farm Mut. Auto. Ins. Co. v. Johnson*, 2017 CO 68, ¶ 12). "While we review the court's application of the governing legal standards de novo, we review the court's factual findings for clear error." *Id.*

### C.    Discussion

¶ 14    Johnson contends that the trial court erred by ruling that he could not revisit the issue of whether McBride was engaged in the unauthorized practice of law, which limited his ability to prove that McBride was engaged in a deceptive trade practice in violation of section 6-1-105(1)(z).

¶ 15    The trial court did not err. Regulatory counsel determined in 2017 that McBride was not engaged in the unauthorized practice of law when preparing QDROs and that, in fact, "his work benefits the

family law bar and divorcing parties" and "increas[es] access to justice." *McBride*, No. 22CA1074, slip op. at ¶ 15. After the first trial, the court found that Johnson's statements claiming that McBride was engaged in the unauthorized practice of law were "untrue," and a division of this court upheld that finding.[1] *Id.* at ¶ 67. The trial court thus had no discretion on remand to revisit the question of whether McBride was engaged in the unauthorized practice of law. *See Owners Ins. Co. v. Dakota Station II Condo. Ass'n*, 2021 COA 114, ¶ 24 ("'Conclusions of an appellate court on issues presented to it as well as rulings logically necessary to sustain such conclusions become the law of the case,' which the

---

[1] "To be actionable, an allegedly defamatory statement must contain a material falsehood." *Fry v. Lee*, 2013 COA 100, ¶ 50. The *McBride* division reversed the trial court's judgment in McBride's favor on his defamation claim only because the trial court had not ruled on the legal issue of whether Johnson's statements "about [McBride] being engaged in the unauthorized practice of law involved a matter of public concern." *McBride v. Johnson*, slip op. at ¶ 44 (Colo. App. No. 22CA1074, Aug. 3, 2023) (not published pursuant to C.A.R. 35(e)). The division instructed that, "[i]f the court concludes that the unauthorized practice of law was *not* a matter of public concern in the context of this case, the court shall reinstate its judgment in favor of [McBride]." *Id.* at ¶ 67. On remand, the trial court determined that Johnson's statements did not involve a matter of public concern. Accordingly, it reinstated its judgment in McBride's favor on his defamation claim.

trial court must follow on remand." (alteration and citation omitted)).

¶ 16　Because Johnson's claim that McBride was engaged in a deceptive trade practice was premised on his argument that McBride was engaged in the unauthorized practice of law, we conclude that the record supports the trial court's finding that McBride's activities "do not constitute a deceptive trade practice."[2]

¶ 17　Johnson further argues that the trial court erred by finding that McBride's activities had a minimal impact on the public at large and that Johnson had not established any damages. But because Johnson failed to prove the first element of a private consumer protection claim under the CCPA — namely, that the defendant engaged in an unfair or deceptive trade practice — we

---

[2] During oral argument, Johnson argued that his deceptive trade practices counterclaim went beyond the allegation that McBride was engaged in the unauthorized practice of law when preparing QDROs. However, the deceptive trade practices counterclaim alleged in his answer, as well as his opening and closing arguments at the bench trial on that counterclaim, referred only to McBride's QDRO work. The theme of his closing argument at trial was that "the preparation of QDROS . . . is the practice of law" and that "McBride's deceptive trade practices are intended to divert business from others who do QDROs."

need not address his arguments concerning other elements. *See Crowe*, 126 P.3d at 201.

¶ 18    We thus conclude that the trial court did not err by dismissing Johnson's deceptive trade practices counterclaim.

### III.    Attorney Fees

¶ 19    Johnson contends that the trial court erred by granting McBride's motion for attorney fees without a hearing. We agree.

### A.    Additional Background

¶ 20    On May 17, 2022, after he prevailed in the first trial, McBride filed a motion seeking $4,270.50 in attorney fees as a sanction for Johnson's "significant and serious failures to properly submit timely jury instructions" — behavior that ultimately led the trial court to dismiss the jury on the second day of trial and proceed with a bench trial. In his response, filed on June 7, 2022, Johnson defended his actions regarding the jury instructions, challenged the reasonableness and necessity of McBride's claimed fees, and requested a hearing. The trial court did not rule on McBride's motion for attorney fees or Johnson's request for a hearing.

¶ 21    Two years later, after McBride prevailed in the second trial, the trial court invited him to submit a bill of costs and ordered that

Johnson would have fifteen days to respond thereto. On September 12, 2024, McBride submitted a document titled "Plaintiff's Bill of Costs." He requested $2,028.93 in costs for the first trial and $570 in costs for the appeal and second trial, totaling $2,598.93. On the second page of the same document, he noted that he had previously requested $4,270.50 in attorney fees "as a sanction for [Johnson's] malfeasance related to his aborted jury demand" in the first trial but that the court had never ruled on his motion. He thus requested an "award of costs in the amount of $2598.93 and an award of attorney fees in the amount of $4270.50."

¶ 22 Johnson did not respond, and, on October 1, 2024, the trial court entered an order with McBride's "Plaintiff's Bill of Costs" attached, stating, "The motion/proposed order attached hereto: APPROVED."

### B. Law and Discussion

¶ 23 "If a party requests a hearing concerning an award of fees, the trial court must hold a hearing." *Walker v. Women's Pro. Rodeo Ass'n*, 2021 COA 105M, ¶ 81 (quoting *Shyanne Props., LLC v. Torp*, 210 P.3d 490, 493 (Colo. App. 2009)); *see* C.R.C.P. 121, § 1-22(2)(c)

("When required to do so by law, the court shall grant a party's timely request for a hearing" on a motion for attorney fees). "When a hearing is requested to determine the reasonableness and necessity of attorney fees, due process requires that the trial court hold such a hearing." *Walker*, ¶ 81 (quoting *Roberts v. Adams*, 47 P.3d 690, 700 (Colo. App. 2001)).

¶ 24 In its written order dismissing Johnson's deceptive trade practices counterclaim, the trial court invited McBride "to submit a bill of costs." Although McBride submitted a document titled "Plaintiff's Bill of Costs," he also included in that document a renewal of the motion for attorney fees he had filed two years earlier. Because Johnson had already requested a hearing on McBride's original motion for attorney fees, the court erred by granting the renewed motion without a hearing. *See id.*

¶ 25 We are not persuaded otherwise by McBride's argument that, because Johnson did not respond to McBride's "Plaintiff's Bill of Costs" within fifteen days, as ordered by the trial court, he waived

any right to object to McBride's renewed motion for attorney fees.[3]
First, Johnson had already filed a response opposing the motion for
sanctions and specifically requested a hearing. As a result, he was
entitled to a hearing. *See id.* Second, because McBride's motion for
costs and fees was simply titled "Plaintiff's Bill of Costs," it was not
obvious that the document also included a renewed motion for
attorney fees. *See Denner Enters., Inc. v. Barone, Inc.*, 87 P.3d 269,
274 (Colo. App. 2004) (When a party "did not file a separate motion
for the additional attorney fees," the division was "unable to
ascertain from the record whether the [trial] court intended to deny
the request or merely overlooked it."). And third, the trial court did
not explain the basis for the attorney fees award, nor did it make
any findings regarding the reasonableness of those fees. *See*

---

[3] Johnson also argues that the trial court erred by permitting him
only fifteen days, instead of twenty-one days, to respond to
McBride's "Plaintiff's Bill of Costs." We are not persuaded. C.R.C.P.
121, section 1-22(2)(b), provides that any response to a motion for
attorney fees "shall be filed within the time allowed in practice
standard [section] 1-15." C.R.C.P. 121, section 1-15(1)(b), in turn,
provides that "[t]he responding party shall have 21 days after the
filing of the motion *or such lesser or greater time as the court may
allow* in which to file a responsive brief." (Emphasis added.) The
court thus did not err by permitting Johnson fifteen days to
respond.

*Yaekle v. Andrews*, 169 P.3d 196, 201 (Colo. App. 2007) (reversing an attorney fees award when "the trial court did not identify the basis for awarding fees [and] made no factual findings supporting its determination of the reasonableness of defendants' fees"), *aff'd on other grounds*, 195 P.3d 1101 (Colo. 2008).

¶ 26 We thus reverse the award of attorney fees and remand the case for a hearing on McBride's fees request.

## IV. Appellate Attorney Fees

¶ 27 Both parties request an award of their attorney fees incurred on appeal. Although neither party cites legal authority, we interpret both fees requests as alleging that the other party's arguments were frivolous. *See* § 13-17-102(4), C.R.S. 2025 (permitting an award of attorney fees if we find that a party brought or defended an action lacking substantial justification, meaning it was substantially frivolous, groundless, or vexatious). McBride has not shown that Johnson's appeal, as filed or argued, was frivolous. Johnson prevailed on one of his claims, *see Andres Trucking Co. v. United Fire & Cas. Co.*, 2018 COA 144, ¶ 62 (declining to award appellate attorney fees when the other party prevailed on appeal), and while he did not prevail on the other, we do not agree that an award of

12

fees is warranted, *see Glover v. Serratoga Falls LLC*, 2021 CO 77, ¶ 70 (noting that the court awards appellate attorney fees only in clear and unequivocal cases of egregious conduct when no rational argument is presented). And Johnson has not demonstrated that McBride's arguments in defending against the appeal were frivolous since McBride prevailed on the CCPA counterclaim. Accordingly, we decline to award appellate attorney fees to either party.

## V.   Disposition

¶ 28     The trial court's judgment dismissing Johnson's CCPA counterclaim is affirmed. The portion of its order awarding attorney fees to McBride is reversed, and the case is remanded for a hearing on McBride's attorney fees request.

JUDGE FREYRE and JUDGE PAWAR concur.

13