25CA1130 Thompson Crossing v Bandy 05-14-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1130
Larimer County District Court No. 23CV30793
Honorable C. Michelle Brinegar, Judge

Thompson Crossing II Association,

Plaintiff-Appellee,

v.

Ellen Lee Bandy,

Defendant-Appellant.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE DUNN
J. Jones and Fox, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 14, 2026

Johnson Muffly & Dauster, PC, Ezekiel Rauscher, Fort Collins, Colorado, for
Plaintiff-Appellee

The Law Office of William J. O'Donnell, P.C., William J. O'Donnell, Centennial,
Colorado, for Defendant-Appellant

¶ 1    Defendant, Ellen Lee Bandy, appeals the district court's order enforcing a settlement agreement that required her to pay attorney fees to plaintiff, Thompson Crossing II Association (the Association). Bandy doesn't dispute that she owes fees under the settlement agreement but maintains that the court erred by awarding fees without holding a hearing on their reasonableness. Because we agree, we reverse the order awarding attorney fees and remand the case for further proceedings consistent with this opinion.

## I.    Background

¶ 2    For alleged violations of the "Declaration of Covenants, Conditions, Restrictions and Easements" (the Declaration) for Thompson Crossing II — a common interest community — the Association filed a complaint against Bandy. The Association requested injunctive relief to prevent Bandy from, among other things, building an in-ground pool and using the common area for storage.

¶ 3    The Association and Bandy later entered into a settlement agreement. The settlement agreement stated, in relevant part, that Bandy would remove the encroachments she constructed and repair the damage she caused within sixty days. And it stated that

Bandy would "pay all attorney fees, court costs, and expenses related to the Association's enforcement of the Declaration, including the surveyor fees (collectively, 'Settlement Amount')." The settlement agreement did not identify the Settlement Amount but stated that the Association would "deliver to [Bandy] its calculation of the Settlement Amount" within seven days of its approval of Bandy's remediation work and that Bandy would then pay the Settlement Amount to the Association within seven days. If Bandy did not pay the Settlement Amount, the agreement authorized the Association to file a motion asking the court to enter judgment for that amount.[1]

¶ 4 The parties extended the deadline for Bandy to complete the restoration work under the settlement agreement. The Association, however, eventually asked the court to set a hearing to enforce the settlement agreement. After an evidentiary hearing, the court found that Bandy had not fully complied with the settlement agreement and ordered her to perform additional remediation work. The court

---

[1] The settlement agreement also included a separate provision stating, "In the event that either [p]arty seeks to enforce this [a]greement, the non-defaulting party shall be entitled to recovery [sic] attorney fees and costs from the defaulting party."

also said, "[T]he payment regarding attorney[] fees and the surveying that was part of the settlement agreement, those need to be paid."

¶ 5    After Bandy completed the required work, the Association filed a motion to enforce the settlement agreement, alleging that Bandy had failed to pay the Settlement Amount.  Bandy objected to the motion, arguing that the requested fees were "disputed" and "unreasonable," and requested a hearing on the reasonableness of the requested attorney fees.[2]

¶ 6    Without holding a hearing, the court granted the Association's motion to enforce the settlement agreement; found the requested $16,603 in attorney fees reasonable; and ordered Bandy to pay them, along with the requested costs and surveyor fees.

## II.    Analysis

¶ 7    Bandy contends that the district court erred by granting the Association's motion to enforce the settlement agreement without holding a hearing on the reasonableness of attorney fees.  She also

---

[2] In her objection, Bandy also challenged the reasonableness of the surveyor fees.  Because she doesn't reassert this claim on appeal, we deem it abandoned.  *See Armed Forces Bank, N.A. v. Hicks*, 2014 COA 74, ¶ 38.

asks us to determine (1) whether the statutory fees cap in section 38-33.2-123, C.R.S. 2025, of the Colorado Common Interest Ownership Act applies to the Association's requested fees; and (2) whether the Association is the prevailing party.

## A.   Reasonableness Hearing

¶ 8      An attorney fees award must be reasonable.  *Crow v. Penrose-St. Francis Healthcare Sys.*, 262 P.3d 991, 998 (Colo. App. 2011); *see also Parks v. Edward Dale Parrish LLC*, 2019 COA 19, ¶ 27 ("[R]easonableness is an implied term in all contracts for attorney fees . . . .").  And when a hearing is requested to determine the reasonableness of attorney fees, "due process requires that the [district] court hold such a hearing."  *Roberts v. Adams*, 47 P.3d 690, 700 (Colo. App. 2001); *see also Shyanne Props., LLC v. Torp*, 210 P.3d 490, 493 (Colo. App. 2009) ("If a party requests a hearing concerning an award of fees, the [district] court must hold a

hearing."); *cf.* C.R.C.P. 121, § 1-22(2)(c) (when required to do so by law, the court shall grant a party's timely request for a hearing).[3]

¶ 9     We review a district court's decision to award attorney fees without holding a hearing for an abuse of discretion. *See Roberts*, 47 P.3d at 699. A court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair, or based on a misapplication of the law. *Credit Serv. Co. v. Skivington*, 2020 COA 60M, ¶ 17.

¶ 10    We agree with Bandy that her objection was sufficient to raise a question about the reasonableness of the requested fees and that the court should've granted her request for a hearing. *See Shyanne*, 210 P.3d at 493. Indeed, it's not clear why the court denied Bandy's request. Though the Association didn't oppose her

---

[3] If not required by law, a court has discretion under C.R.C.P. 121, section 1-22(2)(c), to conduct a hearing in cases where fees are "made to a prevailing party pursuant to a contract where the award depends on the success of that party in the litigation." *Town of Alma v. AZCO Constr., Inc.*, 985 P.2d 56, 58 (Colo. App. 1999), *aff'd*, 10 P.3d 1256 (Colo. 2000). But Bandy agreed to pay the Association's fees as a settlement term independent from the outcome of the litigation. Thus, Rule 121, section 1-22(2)(c), doesn't apply.

request for a hearing, the order neither acknowledged her request nor explained why a hearing wasn't necessary.[4]

¶ 11    And insofar as the Association says that Bandy's objection was insufficient to entitle her to a hearing on the reasonableness of the requested attorney fees, we disagree. Bandy's objection specifically challenged the reasonableness of the requested fees, argued why she believed the fees were unreasonable, and requested a hearing to determine the "reasonableness" of the requested fees. Bandy therefore presented more than "a bare statement" that the requested fees were unreasonable. *See Hendricks v. Allied Waste Transp., Inc.*, 2012 COA 88, ¶¶ 34-36 (concluding that the court did not abuse its discretion by denying a request for a hearing on the reasonableness of a bill of costs when the defendant stated only that it "contest[ed] the reasonableness of the [p]laintiffs' submitted costs"). Thus, the court should've granted the request for a hearing. *See Gray v. State Farm Mut. Auto. Ins. Co.*, 826 P.2d 420,

---

[4] We suspect that the court may have missed Bandy's request, which appeared in the final paragraph of her objection. However, to the extent the court didn't exercise its discretion to deny the hearing, that is itself an abuse of discretion. *See S. Cross Ranches, LLC v. JBC Agric. Mgmt., LLC*, 2019 COA 58, ¶ 48.

421 (Colo. App. 1992) (requiring a hearing when a party "raised questions and objections respecting the amount of fees"); *accord Shyanne*, 210 P.3d at 493.

¶ 12    For these reasons, we reverse the order enforcing the settlement agreement and remand the case to the district court for a hearing on the reasonableness of the Association's requested attorney fees.

B.    Section 38-33.3-123

¶ 13    As we understand it, Bandy asks us to determine the effect of a 2024 amendment to section 38-33.3-123(1)(c), which added a cap for attorney fees incurred in actions involving, among other things, the enforcement of an Association's declarations, bylaws, and articles.  *See* Ch. 422, sec. 1, § 38-33.3-123(1)(c), 2024 Colo. Sess. Laws 2881-82.  But the court didn't award attorney fees under that statute; it awarded fees under the settlement agreement.  And to the extent Bandy requests an advisory opinion about "[w]hat [e]ffect" the amendment has "[o]n [t]he [p]resent [m]atter," we

decline to give one.[5]  *See People in Interest of Vivekanathan*, 2013 COA 143M, ¶ 14.

### C.    Prevailing Party

¶ 14    Finally, Bandy now argues that the court abused its discretion by implicitly finding that the Association was the prevailing party. But the Association sought to enforce the terms of the settlement agreement under which Bandy agreed to pay the Association's fees. And Bandy agreed before the district court that she owed the Association's fees; she just disputed reasonableness.  We therefore don't see — and Bandy doesn't explain — why the court would have been required to make a prevailing party determination to enforce Bandy's undisputed agreement to pay the Association's attorney fees.  Because the argument is undeveloped, we will not consider it further.  *See Woodbridge Condo. Ass'n v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 41 n.12, *aff'd*, 2021 CO 56.

---

[5] In support of her statutory argument, Bandy relies on two unpublished decisions by divisions of this court.  That's impermissible, and we suggest that counsel acquaint themselves with our policy prohibiting the citation of unpublished opinions. *See* Colo. Jud. Branch, *Court of Appeals Policies, Policy Concerning Citation of Opinions Not Selected for Official Publication* (2026), https://perma.cc/ZQW2-H29D.

8

### III.     Appellate Attorney Fees and Costs

¶ 15    Both parties request appellate attorney fees and costs, though on different grounds.

¶ 16    Bandy requests an award of appellate attorney fees and costs under section 38-33.3-123 and C.A.R. 39.1.  But Bandy doesn't "explain the legal and factual basis" for her request, and her "[m]ere citation to [Rule 39.1] or to a statute" is insufficient.  C.A.R. 39.1; *see also Andres Trucking Co. v. United Fire & Cas. Co.*, 2018 COA 144, ¶ 63 (declining to consider a request for attorney fees when the requesting party did not provide any supporting factual recitation or legal authority).  We therefore deny Bandy's fees request but agree that she is entitled to appellate costs under C.A.R. 39(a)(3).

¶ 17    The Association requests its fees and costs under the settlement agreement's prevailing party provision and Rule 39.1.  But because we reverse the court's order, we deny the Association's fees request.

### IV.     Disposition

¶ 18    We reverse the order and remand the case for further proceedings consistent with this opinion.

JUDGE J. JONES and JUDGE FOX concur.